### WORTHINGTON v. WHITEFIELD.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 14, 1911. On Rehearing, Nov. 18, 1911.)

1. PRINCIPAL AND SURETY (§ 175*)—INDEMNITY TO SURETY—CONSIDERATION.

A surety's payment of his principal's note is sufficient consideration to support recovery upon a note providing for payment of interest and attorney's fees, executed by the principal to protect the surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 505–509; Dec. Dig. § 175.*]

2. HOMESTEAD (§ 115*) — ENFORCEMENT OF RIGHT—QUESTIONS FOR JURY.

In an action where foreclosure of a deed of trust was sought upon property claimed as a homestead, *held*, that under the evidence it was improper for the court to direct a foreclosure; the question being for the jury.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. § 115.*]

#### On Rehearing.

3. APPEAL AND ERROR (§ 1175*)—DETERMINATION—AFFIRMANCE.

Where a judgment for plaintiff was on appeal affirmed in all things save the foreclosure of a deed of trust, and was reversed and remanded as to that, the appellate court will upon the motion of plaintiff render judgment against the foreclosure, and permit the judgment in all other respects to stand affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1175.*]

Appeal from District Court, Midland County; S. J. Isaacks, Judge.

Action by B. F. Whitefield against B. A. Worthington. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Hawkins & Allen, for appellant. Graham B. Smedley and Caldwell & Whitaker, for appellee.

SPEER, J. [1] On August 4, 1909, B. A. Worthington and B. F. Whitefield executed to the First National Bank of Midland a promissory note for $2,300, providing for interest and attorney's fees. On the same day Worthington executed a similar note to Whitefield and secured the same by a deed of trust on certain lands, including the lot in controversy in this suit, to secure Whitefield as a surety on the note first mentioned. This suit was by Whitefield against Worthington, setting up the above facts, and alleging further that he had been forced to pay the bank note. The defendant, among other things, pleaded that lot 1, in block 19, against which a foreclosure was sought, was exempt to him as a homestead. The trial court instructed the jury to return a verdict for the plaintiff for his debt, principal, interest, and attorney's fee, together with a foreclosure of the mortgage lien on all the property described in his deed of trust, and the defendant has appealed.

There are but two questions raised on the appeal. The first is that the verdict and judgment are excessive for the reason that they include an attorney's fee of 10 per cent. when appellee did not pay an attorney's fee to the First National Bank of Midland and allow interest at the rate of 10 per cent. per annum, when the recovery should have been merely for legal interest from the date of the payment by appellee to the First National Bank. This contention is based upon the doctrine announced in Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528, to the effect that a surety who has paid his principal's debt is entitled to recover only upon the implied promise to repay, and not upon the theory of subrogation. But this principle can have no application to the present case for the simple reason that appellee's action is based upon the written obligation of appellant promising specifically the interest and attorney's fee recovered for which the surety transaction and subsequent payment by appellee constituted a sufficient consideration. The judgment, therefore, for the money demand will be affirmed.

[2] The next question presented is that lot 1 in block 19 included in the judgment of foreclosure is exempt to appellant as his homestead. Appellant testified that on August 4, 1909, he was living in the town of Upland, in Upton county, and was engaged in the general merchandise and land business; that he was conducting such business in a storehouse on lot 1, in block 19; that he had conducted his business at that place ever since the house was built, which was about March, 1908; that he had no other line of business; that he was a married man and lived with his family on block 13 in the same town. Other testimony tended to show that the combined value of the residence lots and business lot was well within the constitutional limitation. In this state of the evidence, the court erred in directing

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

a foreclosure as to lot 1, block 19. The evidence undoubtedly, to say the least of it, raised the issue that such lot constituted the business homestead of appellant.

The judgment is therefore reversed as to the foreclosure on this lot, and the cause will be remanded for another trial on that issue.

Affirmed in part, and reversed and remanded in part.

### On Rehearing.

[3] Appellee has filed a motion in which he asks us to render judgment in favor of appellant for lot 1 in block 19, in the town of Upland, against which the judgment of foreclosure was reversed on the original hearing. As this was the only issue upon which the cause was remanded, we will therefore render the judgment in favor of appellant as to this lot, and otherwise the judgment will stand in all things affirmed in favor of appellee, and it is so ordered.