## WARE v. JONES et ux.  (No. 6561.)

(Court of Civil Appeals of Texas. San Antonio. May 11, 1921. On Motion for Rehearing, June 8, 1921. Rehearing Denied June 29, 1921.)

**1. Trusts ⟨⟩92½ — Agreement that conveyance was in trust to pay off liens and debts does not violate statute.**

Where plaintiff, for a valuable consideration, induced defendants to convey to him all real estate owned by them in trust to pay off liens and debts against the property, he became a trustee for defendants, and the arrangement did not violate the statute of frauds.

**2. Trusts ⟨⟩233—One to whom land was conveyed in trust liable for value of land sold.**

Where defendants conveyed land to plaintiff in trust to pay off liens and debts against the property, and plaintiff accepted the trust and sold part of the lands, he was liable to defendants for the value of the lands so converted.

**3. Judgment ⟨⟩256(1)—Must be responsive to pleadings and facts found by jury.**

Where none of the parties complained of the findings of the jury, the court could enter no other judgment than one responsive to the pleadings and the facts found by the jury, and could substitute no other findings therefor.

**4. Homestead ⟨⟩188 — Where party taking conveyance in trust to pay debts had been overpaid, one whom he failed to pay could not foreclose on homestead.**

Where defendants conveyed land, including their homestead, to plaintiff in trust to pay off liens and debts, and plaintiff, by reason of sales of the land, was owing defendants more than was necessary to discharge all the debts owed, including a lien created subsequent to the creation of the homestead, the holder of such lien who intervened in a suit was not entitled to a foreclosure on the homestead; the plea of homestead asserted against plaintiff's foreclosure likewise operating to defeat him.

**5. Parties ⟨⟩47 — Voluntary intervener held bound by the issues pleaded.**

In a suit to recover land or, in the alternative, for enforcement of a vendor's lien, one who voluntarily intervened and asserted a lien in his favor was governed by the issues pleaded, especially where he adopted defendants' plea that the property was a homestead.

### On Motion for Rehearing.

**6. Appeal and error ⟨⟩1175(6) — Judgment rendered on reversal when requested by both parties.**

Where, on reversal of a judgment, both parties accept the facts found and upon them request that judgment be rendered, the judgment will be reformed and rendered instead of remanding the case.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by G. W. Ware against J. R. Jones and wife, in which William Capps intervened. From a judgment granting insufficient relief, plaintiff and defendants separately appeal. Reversed and rendered.

William F. Young, of Fort Worth, for appellant Ware.

John L. Poulter, of Fort Worth, for appellants Jones.

McCart, Curtis & McCart, of Fort Worth, for appellee Capps.

COBBS, J. This suit was filed by appellant, G. W. Ware, against appellees, Jones and wife, in which William Capps intervened, who will be designated hereinafter as intervener. The suit was brought against appellees for land, claiming title thereto by reason of a warranty deed from appellees, dated December 20, 1912, and by special warranty deed from R. N. Beavers, dated 27th day of November, 1918, and, in the alternative, prayed for judgment on an alleged vendor's lien note for $2,820 against appellees, attorney's fees, court costs, and foreclosure, which vendor's lien was originally retained by Mrs. H. J. Capps, assigned to appellant to secure an indebtedness, and for foreclosure of tax lien. One defense of appellees was that they were husband and wife and the land sued for in Kennedy's addition had been their homestead, where they had been living since September 10, 1908; that the alleged deed of December 20, 1912, sued on was intended to be and was a mortgage to secure appellant in the payment of certain sums of money advanced and to be advanced to them or for their account; that appellees, Jones and wife, were then the owners of various tracts of land in Texas, against which there existed liens and abstracted judgments, which appellant advised should be sold under foreclosure of the liens and obligated himself to buy in for appellees' benefit, with the privilege to them of redeeming each tract at cost of foreclosure sale, together with the amount of appellant's debt against said land to be held and sold for the best available price; that the land in controversy, situated in the city of Fort Worth, was of the value of $10,000, and three other separate tracts of farm lands, aggregating 235 acres, situated in Tarrant county, valued at $100 per acre, on which date (of the deed) they were indebted to appellant for borrowed money in the sum of $1,957, and indebted to John W. Floore on the city property—the homestead in controversy—the sum of $2,820 and accrued interest; and there were several judgment liens abstracted, an apparent lien which created a cloud upon the title to their said property; that each of the said three tracts, so incumbered for small amounts, was reasonably worth the sum of $17,945.64, more than all the incumbrances thereon; that appellant, after the sale and purchase of several tracts, refused to al-

low appellees to redeem the same, but conveyed the same to other parties, thus repudiating the agreement and breaching the trust to their damage in the sum of $17,945.-64, being the difference between the amount paid out by appellant with the interest thereon and the real value of the lands, for which they prayed judgment. They also prayed judgment for all the unsold land held by appellant under the trust agreement, which would include the homestead.

William Capps, intervener, came in and set up claims for $1,249.50, which he averred were secured by prior liens on the following property conveyed under said deed of appellees to appellant, to wit: On the 39.8 acres of the W. W. Wallace 200-acre survey in Tarrant county and lot 8 and part of lot 9, block 1, Kennedy addition, city of Fort Worth—part of appellee's homestead. Intervener sought to hold appellant for the payment of said sum through and by virtue of appellant's agreement with appellees to discharge all such outstanding indebtedness, and to foreclose intervener's prior lien on said land which included the homestead. The appellant filed necessary exceptions, denials, and responsive pleadings thereto.

The case was tried before a jury on special issues. To the first, second, and third issues submitted, the jury found that the deed from J. R. Jones and wife to G. W. Ware, dated December 20, 1912, was not intended as an absolute conveyance, but merely to secure appellant, Ware, for the debts due said Ware by said Jones and to pay off and satisfy all debts then owing on the property in controversy by appellees, and in reply to the fourth issue found that appellant agreed with appellees to buy in and hold for appellees the 40-acre, 65-acre, and the 125-acre tracts of land described in the pleadings. Then, in reply to special issue No. 5, they found (a) the reasonable market value of the 40-acre tract to be $100 per acre, and (b) the reasonable market value per acre of the tract known as the 65-acre to be $100 per acre, and (c) the reasonable market value per acre of the tract known as the 125-acre tract to be $100 per acre. There was no issue submitted or findings as to the value of the 39⁸/₁₀ acres or of the homestead tract unless it was the 40-acre tract.

These findings the appellant adopted by making a motion requesting the court to enter a judgment in his favor for the amount of the principal, interest, and attorney's fees due on the $2,820 note dated June 28, 1910, and for the amount of taxes with interest thereon which had been paid by him on the property in Kennedy's addition, with a foreclosure of his vendor's lien reserved in favor of Mrs. H. J. Capps, and foreclosure of his equitable lien for taxes on said property, both first and superior to the claims of in-

tervener Capps, and appellees take nothing by their cross-action and be taxed with costs.

Intervener Capps likewise adopted the findings of the jury by making a motion to the court to enter a judgment thereupon for his debt, with foreclosure, which motion was granted and judgment entered thereupon in his favor by the court.

The appellees do not complain of the findings of the jury. It is remarkable that in a three-cornered contested fight like this we find all the parties satisfied with the jury's findings, but the two parties to the original suit, appellant and appellees, are complaining of the judgment of the court entered thereupon. Nor did any of the parties submit other issues than those submitted by the court, or complain of any of those. Appellant asked two charges, hereinafter referred to, requesting instructed verdict along the line of his motion, which was refused. So we are relieved of any consideration of facts other than those found and approved by all the parties. The question now arises, What judgment should be entered thereupon? The trial court entered the following judgment: That intervener recover from appellees the sum of $1,249.50, with interest at the rate of 10 per cent. per annum, with his costs, and a foreclosure of a lien on lot No. 8 and the north 100 feet of lot No. 9 in block No. 1 of Kennedy's addition to the city of Fort Worth, and also against 39⁸/₁₀ acres, W. W. Wallace, 2,000 survey. Such foreclosure and sale were superior to appellant's or appellees' claim. In favor of appellant against appellees a judgment was rendered for $2,820 on the H. J. Capps note, dated June 28, 1910, with interest thereon at the rate of 10 per cent. per annum from and after the 20th of December, 1912, together with 10 per cent. attorney's fees, and judgment for taxes, with interest thereon at the rate of 10 per cent. per annum, with foreclosure on the lands inferior only to the lien of the intervener; further, that appellant recover from the appellees $6,065.32, together with interest from and after date at 10 per cent. per annum, and to recover from them the further sum of $1,214.92, amount of taxes paid on said land, with 10 per cent. interest per annum from date. The foreclosure was then decreed on all those certain tracts of land situated in Tarrant county, being lot No. 8 in block No. 1, and 50 by 100 feet off the north end of lot 9 in said block No. 1, in Kennedy's addition to the city of Fort Worth.

It was then decreed that appellees recover title to lot 3 in block No. 1, and 50 by 100 feet off the north end of lot No. 9 in block No. 1, Kennedy's addition to the city of Fort Worth, subject to the intervener's lien, and then subject to the lien and debt of appellant; that appellees take nothing against appellant; that intervener recover all his

costs against appellant and appellees, and that appellant recover all costs against appellees.

The court overruled appellant's requested instructions Nos. 1 and 2, each for a verdict against intervener and appellees for lot No. 8 and west half of lot No. 9, block No. 1, of Kennedy's addition to the city of Fort Worth. While there was no issue submitted to the jury in respect to the homestead right, the evidence was undisputed that it was and has continued to be appellees' homestead for some 12 years, and prior to the creation of the liens, except for the original $2,820 note, which the appellant was to pay off with the other liens as part of the consideration of the deed.

Each party has filed separate elaborate briefs, based upon various assignments of error, not in any way attacking a finding or single ruling of the court except as to the judgment of the court based upon the jury's finding. Hence, while we shall consider and pass upon each assignment and every proposition of law presented, we will take the findings of the jury as conclusive and then determine what disposition shall be made of this appeal.

[1] Upon a lawful agreement, for a valuable consideration, the appellant induced the appellees to convey to him all the real estate owned by them described in Tarrant county, in trust to pay off the liens and debts against all of said property, including the lien on their homestead, describing the same. By means of such deed the appellant became the trustee of appellees, and such an arrangement was not an offense against the statute of frauds. In Stafford v. Stafford, 29 Tex. Civ. App. 75, 71 S. W. 985, it is held:

"That a deed absolute on its face, with contemporaneous parol agreement that it shall operate only as security for the debt of the maker, is a mortgage, is a proposition too well settled to require citation of authorities in its support. The right to establish this contemporaneous agreement by parol is a doctrine established by courts of equity, the law courts formerly refusing to assume the power to hear such proof."

This opinion is most instructive on the entire subject. The question is so well settled as to need no further citation of authorities. So we pass from the contention that the agreement was in violation of the statute of frauds. The jury has found that the deed, though absolute on its face, was a mortgage, to which finding there is no dissenting voice. The jury found, in effect, as appellees plead:

"That on the 20th day of December, A. D. 1912, they owned by a fee-simple title and were possessed of three certain tracts of land situated in Tarrant county, as follows: One tract of 125 acres, incumbered for $3,800; one tract of 65 acres, incumbered for $1,300; and one tract of 40 acres, incumbered for $800 to Mr. Floore and for $575 to Mr. Capps, and that same aggregated 230 acres reasonably worth $100 per acre or a total of $23,000, and that the full amount of indebtedness was only $6,495."

The appellees' cross-action sets up for their relief the right to redeem the property acquired and to be acquired by appellant by paying off the sums paid for the land. That right, now, would only apply to those portions, including the homestead, not sold or purchased by appellant, under the terms of the agreement. As the appellant agreed to pay off all debts against appellees' property, he did not pay off the debt of intervener, which is secured upon certain other property described in the deed yet unsold, and which he was obligated to pay off, which includes the homestead, upon which the court decreed a foreclosure in favor of intervener.

[2, 3] The appellant accepted the trust and sold part of the lands and is liable to appellees for the value of the lands that were converted. The court could enter no other than a judgment responsive to the pleadings, the facts, and the findings of the jury thereupon, and could substitute no other findings for them. Bain v. Coats, 228 S. W. 571.

Further, the prayer of the appellees is twofold; they seek to recover the title and possession of all unsold lands described and to remove all clouds therefrom and to recover the sum of $8,000, with interest from May 4, 1915, together with rents; in the alternative, for the full sum of $17,946.64, with lawful interest per annum from the respective dates that plaintiff took possession and converted the same to his possession.

[4, 5] In respect to the homestead, no issue was submitted as to its value, and as to it, under the findings of the jury, there was found against appellant more than was necessary to discharge all the debts that appellees owed, including the obligation owing to intervener, thereby leaving the homestead free. The intervener, whose claim was not paid by appellant, was not entitled to a foreclosure on the homestead, as it was protected by the law against him, and the plea of homestead asserted against appellant's foreclosure likewise operated to defeat his. He came voluntarily into this case and was governed, just as he found the case, by the issues pleaded; besides that, he adopted appellees' plea, which was an adoption of the plea that the property was a homestead, therefore protected against the claim of intervener, too, whose lien was void as against the homestead right.

No issue was submitted to the jury as to the homestead question, presumably because that issue was not disputed. No issue was submitted as to that portion of the land which appellees claim as the separate property of Mrs. Jones.

We cannot render the judgment that should be rendered, in the present state of the pleadings and issues, which render the matters to be decreed uncertain. Article 1626, R. S.

The judgment is reversed, and the cause remanded for a new trial.

### On Motion for Rehearing.

Appellees have filed a motion for rehearing and request that, instead of remanding this case, it "be reversed and a proper judgment rendered by this court," and the appellant presents his reply thereto and therein "requests this court to reconsider their judgment reversing and remanding this case, and now reverse and render judgment denying intervener any recovery and granting appellant judgment for the amount due on this note, interest, and attorney's fees, and the amount of principal and interest to which he is entitled on account of having paid appellees' land taxes." Intervener files no motion.

There is no complaint by either party as to any question passed upon or ruling made by this court in the disposition of this case, except that both parties demand the rendition of the judgment here rather than that it be returned for another trial; neither party having complained of the findings of the jury, except that the court below should not have submitted the issues submitted, but they accept the facts found as conclusive, and complain that the trial court improperly submitted certain issues which were not material and entered an erroneous judgment thereon.

[6] The same difficulty, almost, presents itself now, as before, as to what judgment should be entered. As both parties accept the facts found and upon them request that the judgment be here rendered, we will therefore set aside that part of the judgment remanding the case so as to grant a rehearing to both parties as requested by them, and will here reform and render judgment. As it is conceded by both parties that there is no question raised or dispute made about the homestead rights of appellees, the judgment therefore will be that the appellees' right, possession, and title be quieted in them and they are adjudged to recover their homestead, being lot 8 and a part of lot 9 in block 1 of Kennedy's addition to Fort Worth, Tarrant county, Tex., and be quieted in their title and possession therein, and appellant take nothing therein; that appellant be quieted in the right, title, and possession of all the other land sued for or in controversy in this suit, and as to that the appellees take nothing.

Now, for the purpose of making clear the basis upon which we adjudge the personal judgment in favor of appellees against appellant, we restate the facts stated in the opinion, as follows:

"Appellant is entitled to recover, as principal, interest, and attorney's fees due on the $2,820 notes, the sum of $6,065.32, and the further sum of $1,214.92, as taxes paid on said property, as decreed in the former judgment, and being a total of $7,280.24; that intervener Capps recover of appellant the sum of $1,249.50, which, when paid by appellant, should be charged back against appellees, Jones and wife.

"On the 20th day of December, 1912, appellees owned in fee simple, and delivered to appellant, a total of 230 acres of farm lands reasonably worth the sum of $23,000, which was then incumbered (outside of the Capps debt, which is above provided for) for the total sum of $5,900, all of which was thereafter disposed of by appellant, and the proceeds converted to his own use and benefit.

"Deducting the sum of $5,900 from the value of the land, to wit, $23,000, leaves a balance due appellees from appellant the sum of $17,100.

"Now, take the amount of appellant's lien against the city property (appellees' homestead), to wit, $7,280.24, plus the intervener's (Capps') debt, $1,249.50, making a total of the sum of $8,529.74, which, if taken from the sum of $17,100, the amount found to be due appellees from appellant on their cross-action, would leave the sum of $6,570.26 due appellees, after a full settlement between all the parties."

The personal judgment therefore rendered here in favor of appellees against appellant is, as stated, for the sum of $6,570.26, with interest from the date of the judgment. This judgment, however, includes the sum of recovery of intervener Capps for the sum of $1,249.50, which recovery shall be for his use and benefit, and if paid direct to him by appellant shall be credited on said judgment.

The judgment of the trial court is therefore reversed and here rendered as hereinbefore set forth.