**WARE v. JONES et al. (No. 334-3693.)**

(Commission of Appeals of Texas, Section A. June 24, 1922.)

1. **Judgment** ⊖⟹622(1)—**Failure to prosecute cross-action does not prevent asserting it in subsequent action.**

Failure of defendants to prosecute their cross-action to a judgment did not prevent them from asserting it in a new action.

2. **Dismissal and nonsuit** ⊖⟹60(1)—**Judgment of dismissal only one proper, where defendant fails to prosecute cross-petition.**

Where a defendant does not see fit to prosecute his cross-action, a judgment of dismissal is the only proper remedy.

3. **Contracts** ⊖⟹137(2)—**Contract illegal in part as attempted mortgage of homestead not void as a whole.**

A contract under which defendants conveyed land, including homestead, to plaintiff in trust to pay off liens and debts against their property, including their homestead, for which they were to reimburse plaintiff in the amount expended and protect him against loss by executing liens against the property, was not invalidated by the attempt by defendants to mortgage the homestead, but only the portion attempting to mortgage the homestead was void.

4. **Trial** ⊖⟹133(6)—**Remarks of counsel held harmless error, where jury promptly admonished to disregard them.**

Where the court promptly admonished the jury to disregard remarks of counsel, and the verdict was not against the apparent weight or preponderance of the evidence, the remarks of counsel held harmless error.

Error to Court of Civil Appeals, of Fourth Supreme Judicial District.

Suit by G. W. Ware against J. R. Jones and wife, in which William Capps intervened. From a judgment of the Court of Civil Appeals (233 S. W. 355), reforming the judgment of the trial court and rendering final judgment, plaintiff brings error. Affirmed.

W. F. Young and Ocie Speer, both of Fort Worth, for plaintiff in error.

McCart, Curtis & McCart and Jno. L. Poulter, all of Fort Worth, for defendants in error.

SPENCER, P. J. On the 17th day of September, 1908, Mrs. H. J. Capps, Mrs. William Capps, and William Capps conveyed to defendant in error J. R. Jones lot No. 8 in block No. 1 and 50x100 feet off of the north end of lot No. 9 in block No. 1 in Kennedy's addition to the city of Fort Worth, and as a part of the consideration therefor Jones executed and delivered his 100 promissory notes, each for the sum of $30, payable to order of Mrs. H. J. Capps, which notes were secured by a vendor's lien on the land conveyed.

On the 28th day of June, 1910, Mrs. Capps transferred these notes to John W. Floore, and on that date Jones and his wife, Minnie M. Jones, executed to Floore one promissory note in the sum of $2,820, due and payable on the 1st day of July, 1915, which note was given in renewal and extension of the balance due of the series of $30 notes. In addition to the security provided by the vendor's lien retained in the note, they executed a deed of trust upon the property.

On December 20, 1912, Jones and wife conveyed this property to plaintiff in error for the recited consideration of $5,000, as follows: $1,400 cash in hand paid, the sum of $205 on the indebtedness due Jones and wife to plaintiff in error and subject to two incumbrances, one represented by the note of $2,820 and the other by a note held by William Capps for the sum of $575.

On November 24, 1913, Floore transferred the $2,820 note and the deed of trust securing it to R. N. Beavers. Upon the failure of Jones and wife to pay the note at maturity R. N. Beavers advertised the land for sale under the deed of trust, and became the purchaser thereof at the trustee sale. On November 27, 1918, R. N. Beavers, by special warranty deed, conveyed the land to plaintiff in error. On the basis of the facts, above set forth, plaintiff in error charged that Jones and wife unlawfully withheld from him the possession of the land; that if for any reason the title to said land did not pass to him in virtue of the trustee's deed, then he prayed for a foreclosure of the vendor's lien contained in the note.

Defendants in error Jones and wife pleaded general demurrer, general denial, not guilty, and that the property was their homestead at the time of the execution of the original $30 notes, and has been since that date continuously used by them as such, and therefore exempt under the laws and Constitution of the state. They denied that the consideration for the conveyance was the sum of $5,000 as recited in the deed, but alleged that they were indebted to plaintiff in error in the sum of approximately $1,957.88, for which plaintiff in error desired security; that they had four certain tracts of land which were incumbered; one consisting of 39.8 acres, another of 65 acres, a third of 125 acres, and a fourth of 2¼ acres; and that, in consideration of plaintiff in error paying off and discharging the indebtedness due on the incumbered land and of securing him in the payment of their unsecured indebtedness to him, they executed a deed of trust on the four tracts, and as additional security executed the conveyance to the homestead, intending it to be only a mortgage and not an absolute deed.

They also charged that plaintiff in error

agreed that they were to permit the existing liens on the four tracts of land to be foreclosed for the purpose of permitting plaintiff in error to bid in the property at the foreclosure sales, and that he was to hold it in trust for them and reconvey it to them upon the payment to him of the amount, with interest, advanced by him; that he purchased or had purchased for his benefit two of the four tracts of land, which he now holds in violation of his agreement to hold in trust for defendants in error; that in violation of his agreement he permitted a third tract consisting of 125 acres to be sold to a third person instead of purchasing it himself for the benefit of defendants in error, and that in further violation of his agreement he permitted ·a foreclosure of the deed of trust lien upon the homestead; and that Beavers purchased the homestead at the sale, and conveyed to plaintiff in error, who was the real party in ·interest.

William Capps intervened, alleging that he held a note for the sum of $1,191.65, secured by a deed of trust lien upon one of the tracts of land and also upon the homestead tract, which lien he asserted was a superior lien to the liens of plaintiff in error. He also charged that plaintiff in error assumed to pay off and discharge the indebtedness secured by the lien which he held. He adopted the answer of defendant in error, and prayed for a foreclosure of his lien and for general and special relief.

In response to special issues submitted the jury found that the deed by plaintiff in error to G. W. Ware was not intended as a deed of conveyance of the lands described therein, but was intended to secure plaintiff in error in his debt, and for the amounts he would be required under his contract to pay out on behalf of defendants in error; that it was a part of the consideration for the contract that plaintiff in error was to pay off and satisfy all debts then owing on the ·property in controversy by defendants in error; and that plaintiff in error agreed to· buy in and hold for defendants in error the 40, 65, and 125 acre tracts of land; and that the reasonable market value of the three tracts was $100 per acre.

The court rendered judgment in favor of the plaintiff in error against defendants in error, foreclosing the vendor's lien contained in the note and for judgment on the note in the sum of $6,065.32, being principal and interest, and attorney's fees on the $2,820 note, and adjudging such lien to be prior and superior to the lien of intervener, Capps, and for the sum of $1,214.92, the amount of taxes paid on the land with interest, or a total of $7,280.24. Judgment was rendered for intervener, Capps, against defendant in error Jones for the sum of $1,249.50, with a foreclosure of the liens securing the indebtedness. Upon appeal the Court of Civil Appeals reformed the judgment of the trial court

so as to allow defendants in error a recovery upon their cross-action, as will hereafter more fully appear. 233 S. W. 355.

Plaintiff in error introduced in evidence a judgment rendered in the case of Ware v. Jones, in the Sixty-Eighth district court of Dallas county, wherein plaintiff in error recovered upon the $1,950 note executed by defendants in error in connection with the conveyance of December 20, 1912. Defendants in error answered in that suit, and filed their cross-action. Their prayer for relief in that suit is identical with their prayer in this one. We will treat the subject-matter of the cross-action in the two cases as identical. Plaintiff in error insists that that judgment is a bar to a recovery in the present suit.

[1] Defendants in error failed to appear when that case was called for trial, and judgment was rendered against them in favor of plaintiff in error in the main action, but the judgment does not undertake to dispose of the cross-action of defendants in error filed therein. The effect of their failure to prosecute their cross-action to a judgment was an abandonment of it in that suit, but which does not prevent them from asserting it in this action. Jones v. Wootton et ux. (Tex. Com. App.) 228 S. W. 144.

[2] It is the settled practice of the Supreme Court that the failure of a plaintiff to prosecute his suit to judgment will, where no cross-action is filed by defendant in error, be treated as an abandonment of the action, and the only proper judgment in such a case is one dismissing the case for want of prosecution. Burger v. Young, 78 Tex. 656, 15 S. W. 107; Parr et al. v. Chittim (Tex. Com. App.) 231 S. W. 1079. This rule applies with equal force, we think, to the cross-action of a defendant. The defendant becomes the plaintiff in every sense of the word in so far as his cross-action is concerned, and no reason is perceived why a different rule should be applied in case he does not see fit to pursue his cross-action to judgment. Anderson v. Rogge (Tex. Civ. App.) 28 S. W. 106.

[3] Another contention of plaintiff in error is that the attempt to mortgage the homestead is an illegal transaction, and that such illegality taints the entire contract, and that, such contract being illegal, cannot serve as a basis for the reconvention of damages. It is true that the attempted mortgage upon the homestead was a part of the consideration inducing the contract, but this did not render the contract itself illegal. The contract was lawful in every respect, and the most that can be said of it is that a portion of the security given plaintiff in error in consideration of his undertaking is worthless. The contract between the parties as found by the jury was that plaintiff in error was to discharge the indebtedness against the homestead and also against the other property. In consideration of his doing this

defendants in error were to reimburse him the amount expended with interest, and were to protect him against loss by executing liens upon the property. Because one of these liens is void, does not destroy the contract, nor can it be used as a shield to protect plaintiff in error in the violation of the terms of his contract. Tate v. Gaines, 25 Okl. 141, 105 Pac. 193, 26 L. R. A. (N. S.) 106; Haswell v. Blake (Tex. Civ. App.) 90 S. W. 1125 (writ of error denied).

Giving effect, as we must, to the jury's finding as to the value of the property coming into plaintiff in error's hands in virtue of the contract, it is found to be greatly in excess of the amount paid out by him, and therefore there was never any necessity for resorting to any security to protect him. He would not, under such circumstances, have been entitled to a foreclosure of the lien had it been valid. As he has not been injured, he cannot be heard to complain.

[4] In arguing the case to the jury defendants in error's counsel stated it made no difference how the jury answered the issues of fact submitted to them, because under the law the plaintiff in error would recover every dime that was owing to him by defendants in error. Upon objection by plaintiff in error that the argument was improper the court verbally instructed the jury to wholly disregard the remarks and to obliterate them from their minds. Plaintiff in error asked no written charge concerning the remarks. He insists, however, that the remarks were so vicious and prejudicial that they probably influenced the verdict, notwithstanding the court withdrew them.

A jury should determine the issues submitted to them uninfluenced by what effect their findings may have in the rendition of a judgment; and, while the remarks were improper, we cannot say, in view of the court's instruction to disregard them, that they probably influenced the jury. Presumably the withdrawal of the objectionable language cured the error, unless the verdict plainly shows that it is the result of the improper argument. In determining whether the verdict was influenced by the improper remarks, the test is: Is the verdict against the apparent weight or preponderance of the evidence? Looking to the evidence, it cannot be said that the findings are against the apparent weight or preponderance of the evidence. On the other hand they are amply supported by the evidence. The trial court and the Court of Civil Appeals have concluded that no injury has resulted on account of the improper argument. There is nothing in the record that impels a different conclusion, and therefore no reason for reversal exists. Willis & Bro. v. Lowry, 66 Tex. 540, 2 S. W. 449; G., H. & S. A. R. Co. v. Duelin, 86 Tex. 450, 25 S. W. 406; Hogan v. M., K. & T. Ry. Co., 88 Tex. 679,

32 S. W. 1035; Brown v. Perez, 89 Tex. 282, 34 S. W. 725.

The Court of Civil Appeals approved the recovery in favor of plaintiff in error against defendants in error for the sum of $7,280.24, and the recovery in favor of intervener Capps against the defendants in error for the sum of $1,249.50, a total indebtedness of $8,529.74. It also allowed defendants in error a recovery on their cross-action in the sum of $17,100. It rendered judgment in favor of defendants in error against plaintiff in error for the sum of $6,570.26. As the sum of $1,249.50 due Capps was taken into consideration by the court in allowing offsets in favor of plaintiff in error, the latter was directed to pay this sum to Capps.

We recommend therefore that the judgment of the Court of Civil Appeals reforming and affirming the trial court's judgment be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.