### TAYLOR v. ALEXANDER.
No. 8529.

Court of Civil Appeals of Texas. San Antonio.
Jan. 21, 1931.

Randolph L. Carter, Champe G. Carter, H. C. Carter, and Perry J. Lewis, all of San Antonio, for appellant.

L. M. Patterson, of San Antonio, and D. A. Frank and W. Porter Bondies, both of Dallas, for appellee.

COBBS, J.

The appellant, Leslie Taylor, a minor suing by next friend, filed this suit against the appellee, J. B. Alexander, to recover for injuries sustained by Leslie Taylor while riding as an invited guest in an automobile owned by Alexander and being operated by Alexander's minor son. The plaintiff, Taylor, alleged in his petition .that the defendant's automobile was brought into collision with a truck, and that the collision was caused by the negligence of Alexander's son in driving his automobile at an excessive rate of speed and in failing to keep a proper lookout; and various other allegations of negligence were also made.

The plaintiff also impleaded the Alamo Paving Company, alleging that said company's employee was operating the truck involved in the collision and was also at fault; but the Alamo Paving Company made a settlement during the trial, and the plaintiff dismissed as to said company, reserving all rights against the defendant Alexander. The Alamo Paving Company was held in the case on a cross-action by Alexander, but, so far as this appeal is concerned, said company is not directly involved.

The plaintiff alleged in his petition that, because of the negligence of the defendant Alexander's son who was driving the car in which plaintiff was riding, said car was brought into violent .collision with the truck, and was caused to turn over several times, and the plaintiff thereby sustained serious and permanent personal injuries to his damage in the sum of $30,000.

Plaintiff's petition also set out that he was riding as an invited guest and passenger in Alexander's automobile, which was owned and maintained by said defendant and was being operated by said defendant's son under the consent, direction, and authority of said defendant; that the defendant, Alexander,

maintained and provided said automobile as a family car for the use and pleasure of his family and his said son who was a minor and a member of his household and dependent upon him for support; that under the facts the defendant, Alexander, was legally liable for the negligent operation of said car by his son.

The defendant, Alexander, answered with a general demurrer, numerous special exceptions, a general denial, and a plea that the plaintiff was guilty of contributory negligence in various respects, and a plea that the truck driver's negligence was a new, independent. and intervening cause. The defendant also pleaded that the accident was an unavoidable accident, and prayed for a judgment over against the paving company in event of a recovery by the plaintiff.

The case was submitted to the jury on special issues, and in answer to issues 1 and 2 the jury found that the defendant's son, Edward Alexander, was operating the automobile at a negligent rate of speed, and that such negligence directly caused the collision and injuries to the plaintiff. In answer to issue No. 3, the jury found that Alexander's son did not fail to keep a proper lookout. In answer to issues 5 to 9, inclusive, the jury found that the plaintiff was not guilty of contributory negligence in certain respects; but in answer to issues 10 and 11 the jury found that the plaintiff was guilty of contributory negligence in failing to warn the driver of the car that he was driving too fast and to apply his brakes and slow down.

In answer to issues 12 to 21 the jury found that the accident was not an unavoidable accident, and also found the truck driver guilty of negligence in certain respects; and in answer to issue 22 the jury found that the plaintiff had been damaged in the sum of $900 in excess of the amount he had already received in settlement from the paving company.

In view of the findings made by the jury in response to issues 10 and 11 that the plaintiff was guilty of contributory negligence, the court entered judgment in favor of the defendant. The plaintiff duly filed his motion for a new trial, alleging that the court erred in submitting the issues of contributory negligence over plaintiff's objection, because the evidence did not raise any issue of contributory negligence or support the finding thereof; and the motion also set up certain misconduct on the part of the jury as grounds for a new trial.

This case was tried to a jury, and the court entered a judgment thereupon in favor of appellee. All the issues submitted, except as to 10, 11, and 22, are passed out of consideration in this appeal. We copy these issues and the answers thereto as the only sound material here.

"10. Did the failure, if any, of the plaintiff, Leslie Taylor, to warn the driver of the car in which he was riding, that he was driving too fast, if you have so found, constitute contributory negligence, as that term is defined to you? Answer: Yes.

"11. Did the failure, if any, of the plaintiff Leslie Taylor, to warn the driver of the car in which he was riding to apply his brakes and slow down before entering the intersection of the two streets, constitute contributory negligence, as that term is defined to you? Answer: Yes.

"22. What amount of money, if any, would, if paid now, reasonably compensate the plaintiff for such injuries, if any, as you may find from the evidence to have been sustained by him, in excess, if any, of the sum of $2500.00, paid by the Alamo Paving Company? Answer: $900.00."

As the testimony of the foreman, Mr. Barney Bledsoe, covers the whole case and is supported to some extent by other members of the jury, we quote from it as follows:

"My name is Barney Bledsoe. I was the foreman of the jury that rendered a verdict in the case of Leslie Taylor v. J. B. Alexander. I believe the case was given to the jury about 7:30 or 8 o'clock in the evening, and the jury sat up that night considering the issues in the case until about 3 o'clock in the morning. We got up and began reconsidering it about 6 o'clock in the morning. That night, up until 3 o'clock, we had not agreed on any verdict, and we had not been able to answer any of the issues in the Court's charge. We had answered a couple of questions down in the middle and rubbed out the answers next morning and started in again. Up to 3 o'clock that night we didn't get together on anything but two questions, somewhere in the middle, and we rubbed them out the next morning. Up to 3 o'clock that night we had not agreed on any answers that we finally abided by.

"Then we began to reconsider the issues in the case the following morning. The first thing we finally agreed on was the first question, that is Question No. 1 in the Court's charge. That's the question which asked whether or not the Alexander boy was driving at a negligent rate of speed. Then we answered that 'Yes.' Then the next issue decided was about the amount, that is Question No. 22. The amount we agreed on was $900.00. As to what understanding or agreement was made about the $900.00, we agreed upon $900.00. We agreed to give the boy $900.00 damages. I wrote in the $900.00.

"After this agreement was made and after I wrote in the amount, then one juror said, 'It doesn't make any difference now how we answer the other questions. We can answer them all "yes" or we can answer them all "No," or we can alternate and answer one question "Yes" and another "No," alternating.' That suggestion or statement was made by one of the jurors. After we agreed on the amount and wrote that in, in answering the rest of the questions we answered them very rapidly." (The court's charge was handed to the witness.)

"Looking at that charge, issues Nos. 10 and 11, those are the issues which asked whether or not the injured boy, Leslie Taylor, was guilty of contributory negligence. Those two questions were answered 'Yes.' As to whether or not I believed or found that the injured boy was guilty of contributory negligence, no, sir. I do not think he was guilty of contributory negligence. As to why I answered those two questions 'Yes,' I didn't give them the consideration, probably, that I should have given them. I didn't think it was material. We had already decided to give the boy $900.-00 and I didn't think it made so much difference about how we answered it."

To the same effect is the testimony of the other jurors who testified.

This is not a case where some of the jurors have testified that certain misconduct occurred, and others have denied that it occurred, so as to put it within the discretion of the trial court to find the facts either way. Here the facts are all undisputed: The agreement to return a verdict awarding damages; the overt statements that the answers to the other issues were immaterial; and the inducement of some of the jurors to agree to answer contrary to their true beliefs under the evidence. The fact of jury misconduct is here established without any dispute whatever, and the only thing left for this court to do is to apply the law and determine the legal effect of such misconduct.

Under this evidence it is obvious that the answers to issues 10 and 11, wherein the plaintiff was found guilty of contributory negligence, did not and do not constitute findings of the jurors under the evidence, but were brought about without a consideration of the evidence under the erroneous belief that the issues were of no importance. And this, in turn, was caused by the erroneous statements and arguments to that effect advanced by some of the jurors, constituting overt acts of misconduct.

But for the decision of our courts on similar questions we would feel inclined to affirm the judgment, but the ruling of the courts on similar questions supports the contrary. Mann v. Cook (Tex. Civ. App.) 11 S.W.(2d) 572; Abrams v. Bradshaw (Tex. Civ. App.) 2 S.W.(2d) 917; Bradshaw v. Abrams (Tex. Com. App.) 24 S.W.(2d) 372; Harvey v. Gulf, C. & S. F. Ry. Co. (Tex. Civ. App.) 261 S. W. 197; Id. (Tex. Com. App.) 276 S. W. 895; Coons v. Culp (Tex. Civ. App.) 278 S. W. 914; City of Waco v. Rast (Tex. Civ. App.) 2 S.W.(2d) 565; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104, 1106; Moore v. Ivey (Tex. Com. App.) 277 S. W. 106, 107; Estep v. Bratton (Tex. Civ. App.) 24 S.

W.(2d) 465, 469; International-Great Northern Co. v. Cooper (Tex. Com. App.) 1 S.W.(2d) 578, 579; St. Louis S. W. Ry. Co. v. Smithhart (Tex. Civ. App.) 9 S.W.(2d) 146, 151; Kennard v. Kennard (Tex. Civ. App.) 26 S.W. (2d) 336, 337; Simmonds v. St. L. B. & M. Ry. Co. (Tex. Com. App.) 29 S.W.(2d) 989.

To require the reversal of a case fairly tried, the error must be very strong and pertinent, but here we do not think it has been fairly tried. Stehling v. Johnston (Tex. Civ. App.) 32 S.W.(2d) 696; Casstevens v. Texas & P. Ry. Co. (Tex. Sup.) 32 S.W.(2d) 637.

■ Where the misconduct is of a prejudicial character and calculated to mislead, and where there is no direct evidence showing that it did not operate prejudicially on nine of the jurors, then it is at least "reasonably doubtful whether or not the improper conduct affected the verdict." Under such conditions all the decisions declare that a new trial must be granted.

■■ It is shown from the evidence that the answers to issues 10 and 11, holding that the plaintiff was guilty of contributory negligence, were contrary to the conscience, belief, and true conviction of each juror who testified on the motion, and, in the absence of the others, it may be thought they entertained the same opinion. We have been convinced that the verdict does not reflect the true findings of the jurors under the evidence and is not such a verdict as the law requires. This testimony is not disputed or challenged by any evidence. We do not think this case has been fairly tried, and are convinced the court erred in not setting aside the verdict and granting the motion for a new trial.

For the error shown committed, the judgment is set aside and reversed, and the cause remanded for another trial.