## WARNACK v. CONNER et al.
### No. 3035.

Court of Civil Appeals of Texas. El Paso.
July 12, 1934.

Rehearing Denied Sept. 27, 1934.

Leffingwell & Dixon, of Dallas, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, for appellees.

HIGGINS, Justice.

Warnack was a motorcycle policeman in the city of University Park. On January 19, 1932, while riding a motorcycle on Hillcrest avenue in said city, he collided with an automobile driven by Miss Louise Conner, in consequence of which he suffered a broken leg. He brought this suit to recover damages from Miss Conner and her stepfather, W. M. Roberts, for the damages sustained by his injury.

As against Roberts, it was alleged the automobile was owned and maintained by him for family purposes, and at the time of the accident Miss Conner was using and operating the same with his knowledge and consent in going to and from school. At the time of the collision, Warnack was traveling in a northerly direction at a rapid rate of speed in pursuit of a speeding automobile. Miss Conner entered Hillcrest avenue from the east and made a left-hand turn toward the south. It was found that Miss Conner was guilty of negligence in certain particulars proximately contributing to the plaintiff's injury.

In response to issue No. 12, the jury assessed the plaintiff's damages at . $250. In response to issue No. 13, it was found that Warnack, at the time and on the occasion in question, failed to keep a proper lookout. It was further found that his failure so to do was negligence, proximately causing, or contributing to cause, his injuries. Upon such findings of contributory negligence judgment was rendered for the defendants.

Misconduct on the part of the jury is charged. It was shown there was some difference of opinion among the jurors as to the proper answer to return to question No. 13, relating to the plaintiff's failure to keep a proper lookout. The jury then reverted to question No. 12 upon the issue of damages and assessed the same at $250. It then returned to consideration of question No. 13. The foreman, Tackett, in effect, stated that, since they had fixed the amount of the damages, the other issues were probably immaterial.

The juror Willoughby testified that the statement caused him to make a different an-

swer to question No. 13 than he otherwise would have made.

The juror Williams testified the statement influenced him to answer "Yes" to question 13.

The only jurors called to testify were the ones named, and their testimony, as stated, is not contradicted.

Upon practically the same facts misconduct was held to have been shown in Mann v. Cook (Tex. Civ. App.) 11 S.W.(2d) 572; Taylor v. Alexander (Tex. Civ. App.) 34 S. W.(2d) 903; and Carson v. Texas Pipe Line Co. (Tex. Civ. App.) 59 S.W.(2d) 328.

It was also shown that there was some discussion as to attorney's fees, and some reference to Miss Conner's financial condition, but in the state of the evidence adduced upon the hearing of the motion for new trial such discussion and reference might be regarded as harmless but for the other improper matter first referred to.

We sustain the assignments complaining of misconduct of the jury.

Other propositions submitted by appellant have been considered. They are regarded as without merit and unnecessary to discuss.

Reversed and remanded.

### On Rehearing.

Appellees, in the alternative, ask, if their motion for rehearing be not granted, that judgment be here rendered against them for the damages assessed. Appellant has filed no objection to this request. The record discloses that in the court below appellant filed a motion requesting the court to disregard the findings upon the issue of contributory negligence in failing to keep a proper lookout, and to render judgment in his favor for $250.

Accordingly, the judgment reversing and remanding the cause is set aside, and it is now ordered that the judgment of the court below be set aside and judgment here rendered in favor of appellant against appellees for $250, with interest from July 25, 1933, at the rate of 6 per cent. per annum, and that all costs be taxed against appellees. 3 Tex. Jur. p. 1240, § 866; Coverdill v. Seymour, 94 Tex. 1, 57 S. W. 37; Houston & T. C. Ry. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415; Ware v. Jones (Tex. Civ. App.) 233 S. W. 355; Id. (Tex. Com. App.) 242 S. W. 1022; Worthington v. Whitefield (Tex. Civ. App.) 142 S. W. 34.