## BIERS v. FORT WORTH LLOYDS et al.
### No. 12045.

Court of Civil Appeals of Texas. Galveston.
March 3, 1949.

Rehearing Denied March 31, 1949.

Combs & Dixie, of Houston (Warner F. Brock, of Houston, of counsel), for appellant.

Kemper, Wilson & Schmidt, of Houston (Eugene J. Wilson, of Houston of counsel), for appellee Fort Worth Lloyds.

Fulbright, Crooker, Freeman & Bates and Russell Talbott, all of Houston, for appellee National Automobile & Casualty Co.

GRAVES, Justice.

This appeal is from a judgment of the 113th District Court of Harris County, in a compensation action, entered in part upon a jury's verdict in response to special issues submitted, and in part upon additional findings by the court, setting aside an award therefor, theretofore made by the Industrial Accident Board in appellant Ed Biers' favor against Fort Worth Lloyds alone, and denying him any of the benefits he was claiming under the Workmen's Compensation Act of Texas, Vernon's Ann.Civ.St. art. 8306 et seq., against either of the herein-named appellees—that is, Fort Worth Lloyds, and the National Automobile & Casualty Company.

This suit had been originally filed in the trial court by such Fort Worth Lloyds as plaintiff, to set aside such award by the Accident Board in appellant's favor, against him alone, wherein he, by amended answers and cross-actions, had vouched in such National Automobile & Casualty Company as a defendant, and had sought recoveries against both concerns for the benefits he so claimed.

Indeed, as a part of this final judgment, the court, after having, during the progress of the trial, first granted an instructed verdict in favor of the Casualty company, tried the cause before the jury as between the appellant as such cross-plaintiff below, and the appellee, Fort Worth Lloyds, as such cross-defendant there.

The parties to the appeal now here are, therefore, Ed Biers as appellant, and Fort Worth Lloyds as appellee.

The Automobile & Casualty Insurance Company, although named as an appellee in the appeal-bond of the appellant, who failed to prosecute his appeal against it, is not an actual party here. So that, the trial court's judgment in its favor, having become final, must be left undisturbed.

The appellant challenges the determination so adverse to him below upon some six points-of-error, the first three of which allege violations upon the trial court's part —in conducting the trial—of successive Texas Rules of Civil Procedure, Nos. 281, 283, and 285, respectively, "when some of the jurors were induced to answer special issue No. 1 'no', instead of 'yes', by relying on other jurors' statements that their answer would not affect appellant's recovery."

The fifth and sixth points are, in substance, as follows, to-wit:

"The trial judge erred in instructing the jury that they were not to consider the argument by appellant's counsel that appellee had failed to produce 'Joe', who was notified of the accident; the trial judge abused his discretion, after allowing counsel for appellee to take over appellant's witnesses on the pretense of voir dire, in allowing appellant's witnesses to be cross-examined, over timely objection by appellant's counsel."

In his trial pleading (his second amended original cross-action) appellant thus declared the substance of his compensation-claim against the appellee:

"On or about the 13th day of September, A.D., 1946, while cross-plaintiff was in the employ of Oak Crest Provision Company, working in Harris County, Texas, and while engaged in his usual duties in the regular course and scope of his employment and in the usual course of trade of said employer, he sustained accidental injury in the following manner:

"Cross-plaintiff, while skinning cattle, sustained and suffered a cut on his left hand, which subsequently became infected, said infection naturally and normally resulting from the aforesaid accidental cut

on cross-plaintiff's left hand. The infection was diagnosed as leptospirosis, commonly called Weil's disease, from which accidental injury to cross-plaintiff's left-hand, and the resulting infection, cross-plaintiff became then and there totally and permanently disabled, within the meaning of the Workmen's Compensation Law of Texas."

This was followed by extended further pleading, the boiled-down purport of which was to declare the appellee—as the compensation-insurance-carrier of his Provision Company employer—responsible to him therefor in a lump sum, equivalent to $20 per week for 401 weeks, etc., asking that the prior award in his favor of the Accident Board, recited supra, be first set aside.

Following the submission of evidence offered by the appellant, tending to support such cause-of-action as so plead by him, including the opinions of three Houston physicians, who, as experts, testified, and who appeared to have been shown to be fully qualified as such, that, in their respective opinions, the appellant had contracted Weil's Disease, through the abrasion he so declared-upon and that he had become totally and permanently disabled therefrom, and as a natural result thereof.

With the ultimate purport and effect of the pleadings and testimony in appellant's favor so appearing—the appellee having offered no testimony in its own behalf—the trial court submitted some 18 special-issues to the jury, the substantial purport of and the findings of the jury in response thereto, being to this effect:

"No. 1. Do you find from a preponderance of the evidence that Ed Biers sustained an injury to his left hand on the 13th day of September, 1946, while acting in the course of his employment with Oak Crest Provision Company?

"Answer: 'No'."

Thereupon followed Issues Nos. 2 to 13, inclusive, which, by their terms, were in effect conditioned upon an answer of "Yes" to quoted Issue No. 1, which, since it was answered "No", were not answered at all.

The jury thereupon answered "Yes" to succeeding Issues 15, 16, and 18, to the effect (1) that appellant had been free from Weil's Disease before September 13, 1946; (2) that other employees of his class had worked substantially all the year immediately preceding September 13, 1946, in the same place and employment as his; (3) that manifest hardship would result to appellant if his compensation were not paid in a lump sum, and that $7.54 was the average daily wage earned by such other employees during the days he had been so employed, etc.

In the circumstances and setting given, this Court holds that the trial court erred in so submitting Special Issue No. 1 to the jury, and especially in so limiting any possible finding upon its part that the accident so declared-upon by the appellant might not have occurred upon any other day than the one specific date of September 13 of 1946; that such qualifications required the jury to find that such accident either occurred upon that particular day, or it did not occur at all; whereas, the above-quoted pleading of the appellant, as well as the stated substance of his supporting evidence, was to the purport that such accident occurred "on or about that date."

This summarized-effect of the submission, and especially of the jury's verdict thereon, plainly indicates the jury's apparent agreement with appellant's contentions that he had sustained such compensable-injury in the scope of his claimed-employment, and that he had been totally and permanently disabled therefrom, except for the fact that they did not find it to have occurred upon the exact date of September 13 of 1946.

Appellant contends, under his 4th point-of-error, summarized supra, that the reason for the jury's answer of "No" instead of "Yes" to issue No. 1 is plainly indicated by the fact that the jury had been shown to have been guilty of misconduct during their consideration of the cause, in that at least some of them had been induced to give such negative answer to that issue as a result of relying upon other jurors' statements during their deliberations; that an answer of "No" to that inquiry would not affect the appellant's recovery—that he would get some compensation anyway.

On the motion for new trial this question was thoroughly threshed-out by the

trial court, and, as this court reads the record, it was clearly shown that there was some discussion before the jury had so agreed upon an answer of "No" to Issue No. 1, wherein different members stated to the others that they could answer Special Issue No. 1 "No", and that, in view of the other questions propounded to them, the court would still give the plaintiff judgment.

■ In other words, while there was an extended dispute about the matter and as to what the ultimate effect of the testimony was, as already indicated, it is the finding and conclusion of this Court that, before the jury answered such issue, some members thereof did tell others that appellant would recover, even though they answered "No" to that inquiry, and that, subsequently, the vote was unanimous in favor of such a "No" answer thereto.

That such action constitutes jury-misconduct to such an extent as to require a reversal of their findings seems to be well-settled by these, among many other holdings, of our Texas Courts: Walker v. Quanah, A. & P. Ry. Co., Tex.Com.App., 58 S.W.2d 4; Carson v. Texas Pipe Line Co., Tex.Civ.App., 59 S.W.2d 328 (w/e Dism.); Dwyer v. Southern Pacific Co., Tex.Civ.App., 141 S.W.2d 961 (w/e Dism. Judg. Corr.); Heflin v. Fort Worth & D. C. Ry. Co., Tex.Civ.App, 207 SW.2d 114 (w/e Ref. N.R.E.); Pryor v. New St. Anthony Hotel Co., Tex.Civ.App., 146 S.W. 2d 428 (w/e Ref.); Stehling v. Johnston, Tex.Civ.App., 32 S.W.2d 696; Taylor v. Alexander, Tex.Civ.App., 34 S.W.2d 903; Wárnack v. Conner, Tex.Civ.App., 74 S.W. 2d 719; Pope v. Clary, Tex.Civ.App, 161 S.W.2d 828 (w/e Ref. W.M.).

The last-cited case of Pope v. Clary seems to involve—to say the least of it—very similar facts to this one to the extent that in their entirety they constitute the legal-equivalent of those here.

As the court held in that cause, it would seem likewise to follow here that no agreement would have been reached upon such a negative answer, if it had not been for the statements so made in the jury-room.

■ It would furthermore seem to follow that, material misconduct of the jury

having been so established, the question of the injurious effect thereof appears to have been one for the courts to determine: Texas Rules of Civil Procedure, Rule 327; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259; Sproles Motor Freight Lines v. Long, 140 Tex. 494, 168 S.W.2d 642; Motley v. Mielsch, 145 Tex. 557, 200 S.W.2d 622.

It is deemed unnecessary to discuss the other trial errors assigned and argued at great length in the briefs of the parties, since, for those already disposed of, the cause will have to be sent back for another trial, upon which such additional errors will probably not recur.

The appellee, in addition to a four-point reply to appellant's brief, none of which this Court considers well-taken, then advances a contention that this cause should not have gone to the jury, but that, instead, its motion for an instructed verdict therein should have been granted, upon the grounds thus stated in two cross-points it presents, to this effect:

"First: The Appellant, having failed to produce any evidence that Weil's disease with which he alleges to be infected and as a producing cause of the disability claimed, was contracted from an animal or object under the control and in the possession of the Assured of the Appellees, at the time made the basis of the suit, failed to raise any issue of fact to be submitted to the jury;

"Second: The Appellant, having failed to produce any evidence at the trial of a compensable injury, within the contemplation of the Workmen's Compensation Act of Texas, failed to raise an issue of fact to be submitted to the jury, and any question of whether the jury was guilty of misconduct is immaterial."

These presentments are overruled, upon the holding that they constitute an incorrect statement of the law, as it has already been declared in Texas on comparable facts by our courts, in construing and applying our cómpensation law, as declared in Article 8309, Section 1, Vernon's 1948 Texas Statutes; especially, as that Article defines what shall constitute a compensable-"injury", sustained in the course of one's employment.

In other words, appellant in this instance undertook to both plead and prove his declared-upon compensation-claim herein, upon the theory that he had knocked the skin off his left hand while grinding a chopping-cleaver in the course and scope of his employment for the Oak Crest Provision Company; that thereafter the hand became infected, causing a secondary condition his physicians diagnosed as Weil's Disease, and that such abrasion of his hand had been the portal-of-entry for the germ of the disease thereafter so termed "Weil's Disease."

At the very outset, in view of the well-settled holdings of our authoritative courts, it seems clear that under such pleadings and proof by appellant—there having been, as indicated, no contrary evidence—appellant did not have the burden of showing that the infection originated in his employment, as the appellee's points so imply.

What has been so determined to be the correct rule in such a situation in Texas was thus declared in Texas, etc., Ass'n v. Mitchell, 27 S.W.2d 600, at page 604 (W.E. Dism.):

"Injury through infection of a wound is generally classed as a compensable injury under the Compensation Law, in case the proof shows either that the infection entering the wound was peculiarly incident to the work or character of business *or* that the abrasion of the skin was actually received in the scope of the employment, and thereafter came in direct contact with some infectious or poisonous matter, *although such poisonous matter be not traceable to the work or character of the business of the employed.*"

To the same effect was the holding of this Court in Employers', etc. v. Flint, Tex.Civ.App., 14 S.W.2d 1046, 1047 (W.E. Ref.), where Chief Justice Pleasants, for this Court, thus answered the equivalent of the appellee's stated-position in this case:

"*If appellant's contention is sound, death from blood-poisoning could never be shown to be the result of an accidental injury sustained in the course of employment;* since the germ which produces the poisoning of the blood cannot be seen, the exact time and place of its entry into the wound can never be shown."

When the well-settled rule that an instructed-verdict cannot be ordered when the evidence raises any material issue-of-fact in favor of the plaintiff, and that it must be construed to support his claim as far as is reasonable, Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725, at page 728, is applied, it is clear that this appellant must be held to have established the three elements essential to his cause-of-action: (1) That he sustained an accidental injury within the scope and course of his employment; (2) That the cause of his disability—an infection classified as Weil's Disease—did ensue from such injury; and (3) That there was a causal-connection or relation between such injury and such disease.

As before recited, appellant not only testified to having sustained such an abrasion on his hand while grinding a chopping-cleaver in the course of his work, but his wife added that he came home with the skin torn off his left hand; and his physician, Dr. Howard, testified that he had seen such an abrasion, when he first examined appellant.

In the next place, two reputable physicians, after having been shown to be qualified to testify as experts—Drs. Howard and Kilgore—repeatedly testified that, in their best judgment and professional opinion, appellant had developed an infected condition, known as "Weil's Disease," and that the abrasion on appellant's hand that he so testified to had been, in their opinions, the point-of-infection; that is, the point of entrance of the germ of infection.

It is deemed unnecessary to go further into the technical or medical questions discussed in the briefs.

These conclusions require a reversal of the judgment and a remanding of the cause for another trial. It will be so ordered.

Reversed and remanded.