AUDREY, S. J.
This was a suit brought by the appellant, Hanks, as the assignee of David Brown, to tlie Fall Term, 1841, of the District Court of San Augustine county, against Uapoleon B. Thompson, as the administrator of Charlton Thompson, deceased, apt! against him in his own right as the purchaser with notice of several negroes sold to him by virtue of an administrator’s sale made by one Bnrwelí J. Thompson, administrator de bonis non of the said estate of Charlton Thompson. The petitioner prayed to be allowed to redeem the said negroes, and charged in his petition in effect that tiiey had been mortgaged to the said Charlton Thompson daring his life-time by one David Brown to secure the return of nine headright certificates for one league and labor of land each which the said Thompson had loaned the said Brown. At the Fall Term, 1841, of the District Court the defendant appears and *4 files his answer, with several motions in the nature of exceptions. Ho further proceedings appear to have been had in the cause, after the coining of the defendant’s answer, until the Pall Term, 1842, when the defendant filed an amended answer. At the March Term, 1843, on the 12th April, the said cause was called for trial, and after the evidence had closed on both sides and before the jury retired the court charged the jury “that the plaintiff could not recover unless he proved that the bond named in the petition had been presented to the administrator of the said Charlton Thompson for allowance within one year after letters of administration were taken out.” Upon this ■charge being given to the jury the plaintiff’s attorney announced to tlie court that'lie would take a nonsuit; upon which the following entry was made upon the minutes of the court: “Wyatt Hanks v. Napoleon B. Thompson. And now at this day come the parties, by their attorneys, and the'cause was taken up for trial, and after being submitted to a jury, tlie plaintiff failing to prove that the bond sued on was presented to the administrator of Charlton Thompson, deceased, within twelve months after his appointment, the court instructed the jury, for want of said presentment, if they were satisfied it had not been made, tlie plaintiff could not recover; to which opinion of the court the said plaintiff excepted and took a nonsuit, and gave notice of an appeal to the Supreme Court April 12, 1843.” Immediately after the above entry the following appears: “And now at this day comes the plaintiff, by his counsel, and moves tlie court to set aside the nonsuit taken in this case, &c.; which motion was overruled, &c., and ordered that the plaintiff pay all costs, &c., and that execution issue, &c.; and to the opinion of tlie court plaintiff excepted and gave notice of ail appeal to the Supreme Court, which said appeal was granted.”
The record of the proceedings of the District Court in this case brings to our consideration the preliminary question of jurisdiction on the part of tiiis court., and from tlie view taken of tiiat question by us it will render it unnecessary for the court to outer upon the investigation and discussion of the various other questions presented by the argument and briefs of counsel in the cause. Tlie above statement of entries aiul proceedings of the District Court presents the question whether there is any final judgment of the District Court between tlie parties from which an appeal would lie to this court. Tlie third section of tlie act entitled “An act to establish and organize tlie Supremo Court and to define the powers aud jurisdiclou thereof,” approved 15th December, 1836, (Acts of 1836, p. 79,) says: “Tlie Supreme Court shall have jurisdiction over and shall hear and determine all manner of pleas, plaints, motions, causes, and controversies, civil and criminal, which may be brought before it from any court in this Republic, either by appeal or other legal process, and which shall be cognizable in said Supreme Court according to tlie Constitution and laws of this Republic: Provided, That no appeal shall be granted, nor shall any cause bo removed into the Supreme Court in any manner whatever, until after final judgment or decree in tlie court below, except in cases particularly provided by law.”
Stephen on Pleading (138) says that a judgment is defined to be the awarding the judicial consequence which tlie law attaches to facts. Blaekstone, in his Commentaries. (3 vol., 395.) says that “judgment is tlie sentence of tlie law upon the matter contained in the record.” A final judgment must mean, then, the awarding the judicial consequences which tlie law attaches to the facts, and determines the subject-matter of controversy between tlie parties. Prom tlie record before us, lias tlie judicial consequences which tlie law attaches to taking a nonsuit been awarded by the court?
The record shows that on tlie 12th of April, 1843, the parties, Wyatt Hanks aüd Napoleon B. Thompson, came into court, and that this cause was taken up for trial, and after being submitted to a jury the plaintiff failed to prove that tlie bond sued on was presented to the administrator of Charlton Thompson, deceased, within twelve mouths after his appointment. The court then instructed the jury, for want of said presentment, if they were satisfied it had not been made the plaintiff could not recover, to which opinion of the court *5 the plaintiff excepted, and took a nonsuit and gave notice oí an appeal to the Supreme Court. The only action here on the part of the court was to instruct the jury in regard to the law of the case arising from the facts proved before them. There was no order, decree, or direction addressed to the parties “awarding judicial consequences which the law attaches to the facts.”
Note 2. — A judgment is not final unless it disposes of the subject-matter of the controversy. (Warren v, Shuman, post, 441; Scott v. Burton, 6 T.} 322; Hancock v. Metz. 7 T., 177; Bradshaw v. [>avis, 8 T., 344; Little v. Morris, 10 T., 263; West v. Bagby, 12 T.,34; Fitzgerald v. Fitzgerald, 21 T..416; Martin v. Wade,22 T.,224; Holtv. Wood, 23 T.,474; Patterson v. Ilall, 30 T.,464; Ham-man v. Lewis, 34 T., 474.)
The next entry is made on the 13th of April, 1843, and is as follows : “April 13, 1843. And now at this day comes the plaintiff, by his counsel, and moved the court to set aside the nonsuit taken in this ease, &c.; which motion was overruled, &e.; and ordered that plaintiff pay all costs, &c., and that execution issue, &c.; and to the opinion of the court plaintiff excepted, and gave notice of an appeal to the Supreme Court, which said appeal was granted.” Up to the 13th of April, 1843, there certainly was no final judgment in the case. Upon that day the plaintiff moves the court to set aside the nonsuit taken therein, which motion was overruled by the court. There is, properly speaking, no judgment of the court upon this motion, but the action of the court is probably sufficiently indicated to inform us that it was acted upon. The motion to set aside the nonsuit had relation to a supposed judgment of nonsuit entered upon the action of the plaintiff’ in informing the court that he would take a nonsuit, but no such judgment in fact had been entered. Immediately following the statement of the fact of the overruling of the motion an order in the following words is entered: “And ordered that plaintiff pay all costs, &c., and ordered' that execution issue, &e.” Prom the uncertainty of this judgment for costs and the award of execution we are left to inference to determine whether it applies to the whole costs of suit or only to the costs of the motion which immediately preceded the order. From the fact of the motion being made and entertained by the court, we are left to suppose that it was thought by the court that a judgment of nonsuit had already been entered at the previous day of the term, and that the judgment for costs and award of execution, being made simultaneous with that of the overruling of the motion to set aside the nonsuit, applied to the costs of the motion and not to those of the entire suit. We are aware of the uncertainty, confusion, and irregularity generally prevailing in the forms of entries in the practice of those days, and should not expect to find and would not require anything like a technical form of judgment; but where there is no appearance from the record itself “of the award of the judicial consequence which the law attaches to the facts ” we are bound so to declare it. Had it been ordered or decreed that the plaintiff should be nonsuit in the case, or that the plaintiff’s suit be dismissed for want of prosecution, then there would have been a final determination of the case in that court, which would have brought the judgment within the provisions of the above-recited act. and the appeal would have been authorized to (his court. (For the fornjs of a judgment, of nonsuit see Bobin-son’s Forms, p. 07, title, NONSUIT.)
The judgment for costs against the plaintiff and the award of execution does not make it a final judgment, for the costs of suit are but the mere incident of the suit and judgment, (2 Tidd Prac., 864;) and we cannot entertain the opinion that the judgment for costs can be a substitute for and supply the want of a judgment of nonsuit, in substance at least, if not in form. No final disposition of the cause, then, having been made in the court below, as appears by the record, this court could not obtain jurisdiction of it by means of appeal. Therefore this cause will have to be dismissed for the want of a final judgment.
Judgment accordingly.