## D. B. HARTZELL v. W. D. JONES.

(No. 327.)

TRESPASS TO TRY TITLE — NEW TRIAL. — An order of the court granting a new trial, made at the second term of the court after the rendition of the judgment, is in direct violation of the statute and is void.

APPEAL from Navarro county. Opinion by WATTS, J.

STATEMENT.— Appellee instituted this suit against appellant, July 18, 1870, to recover a certain tract of land situated in Navarro county. The form of the action was trespass to try title, and appellee also sought therein to remove a cloud from his asserted title. By amended petitions filed at different times, appellee claimed title to the land by purchase from Henry Cooke; alleged that appellant also claimed title to the land by a purchase from Cook prior in point of time to the purchase by appellee, but that said purchase by appellant was fraudulent and void, and Cooke's deed to appellant was obtained by the fraud of the latter, and therefore appellant did not get any title to the land thereby. He also alleged that he purchased from the children and heirs of Mrs. Cooke, deceased, wife of Henry Cooke, a one-half interest in the land, alleging the death of Mrs. Cooke prior to Cooke's sale to appellant, etc.

The appellant answered by general and special demurrer, and general denial, and by special plea denied the fraud, and claimed to be the owner of the land.

The trial of the case was had April 1, 1872, and resulted in a verdict and judgment for the appellant for one-half and one-seventh of one-half of the land, and for the appellee for the balance, and commissioners were appointed to partition the land accordingly. Appellee, at that term of the court, made a motion for new trial, which was overruled. At the next succeeding term of the court the appellant made what he designated a "motion to correct the judgment," but which was, in fact, a motion for new trial, based upon two grounds as follows:

1. "Because said judgment is not responsive to the verdict of the jury.

2. "Because said judgment gave to the plaintiff a larger quantity of the land in controversy than found in his favor by the jury, all which he is ready to verify by the record now here in court."

36

This motion was filed July 23, 1872; on the 25th day of July, 1872, the court entered an order setting aside the judgment and granting a new trial.

At the March term, 1874, the appellee filed a motion to vacate the order granting a new trial, and to enter judgment confirming the report of the commissioners.

On March 23, 1874, judgment was rendered vacating the order granting a new trial, and in all things confirming the report of the commissioners, and divesting and investing title according to the partition. Appellant brings the judgment before the court by appeal, and assigns as errors matters occurring on the trial in 1872, and also in vacating the order granting the new trial. There is no statement of facts in the record.

OPINION.— The statute, in effect, provides that all motions for new trial, in arrest of judgment, or to set aside a judgment, shall be made within two days after the rendition of the verdict, if the term continues that long, and if not, then before the end of the term; and that such motion shall be determined at the term when made.

In the case of McKean v. Ziller, 9 Tex., 58, a motion for new trial was made at the term when the judgment was rendered. The court took the same under advisement, and at the next term sustained the motion and granted a new trial. The court held that the statute is peremptory and must be obeyed; and the order granting the new trial was void.

Obviously the order of the court granting the motion for new trial, made at the second term of the court after the rendition of the judgment, was in direct violation of the statute and therefore void.

The doctrine is well established in this state that the court has control over, and for good cause may alter and vacate, its judgments during the term at which they are rendered; but after the term expires that control is lost, and such judgments can only be set aside or vacated by an

original proceeding instituted for that purpose, setting forth equitable grounds sufficient to entitle the party to a re-hearing. Goss v. McClaran, 8 Tex., 241; McKean v. Ziller, supra; Overton v. Blum, 50 Tex., 417; Bryorly v. Clark, 48 Tex., 345.

The court did not err in vacating the void order granting a new trial at the term of the court next after the judgment was rendered.

Appellant's counsel insist that the appeal from the judgment, confirming the report of the commissioners, and divesting and investing title in accordance therewith, brings the whole case before the court for review, and authorizes this court to examine and revise any errors that may have been committed in the trial resulting in the judgment determining the title and appointing commissioners to partition the land.

The case of Cannon v. Hemphill, 7 Tex., 196, is directly in point. Hemphill, Chief Justice, delivering the opinion of the court, said: "And whatever may be the character of such decrees, when considered with reference to the question solely of susceptibility of appeals, yet if they be no further acted upon, and no appeal is taken, they must be considered for the purpose of putting an end to litigation, as sufficient to secure the parties in their rights as adjudicated, and would, in this respect, be final and conclusive." See, also, Marle v. Andrews, 4 Tex., 208; McFarland v. Hall, 17 Tex., 676.

The only questions that could be considered on this appeal are such as properly arise on the report of the commissioners, and that would be only as to the conformity of the division of the land with the rules settled by the decree, and such as would arise upon the acts of the commissioners.

There is no statement of facts, and there is no such error disclosed by the record as would, under such circumstances, authorize a reversal of the judgment.

AFFIRMED.