### HOWETH BROS. v. J. L. CLARKE.

#### (No. 6235.)

APPEAL from Cooke County.  Opinion by WILLSON, J.

MATHIS & LEWIS, counsel for appellants.

No counsel appeared for appellee.

§ 72. *Judgment dismissing a suit is a final judgment.* Suit in justice's court by appellants against appellee upon

an open account for $39.50. Appellee pleaded that he was not sued in the precinct of his residence. The judgment in the justice's court was as follows: "Said plea is sustained and this cause dismissed from the docket. It is therefore ordered, adjudged and decreed by the court that the defendant, J. L. Clark, go hence without day, and recover all costs in this behalf incurred, for which let execution issue." Appellants appealed to the county court, in which court, upon motion of appellee, the appeal was dismissed upon the ground that said judgment was not a final one. We are of opinion that said judgment is a final one, and that the county court erred in dismissing the appeal. It is well settled that a judgment dismissing a suit is a final judgment from which an appeal can be prosecuted. [Parker v. Spencer, 61 Tex. 155; Hagood v. Grimes, 24 Tex. 16; West v. Bagby, 12 Tex. 34; Hanks v. Thompson, 5 Tex. 6; 1 Civil Cas. Ct. App., § 467.] The judgment dismissing the appeal is reversed and the cause is remanded for a trial *de novo* in the county court.

April 12, 1890.          Reversed and remanded.