## W. D. GRAHAM ET AL. v. W. H. COOLIDGE, TRUSTEE.

### Decided October 31, 1902.

**1.—Judgment—Foreclosure of Liens—Finality—Motion to Reform.**

Where, in an action to foreclose liens on certain property, a decree was entered which fixed the amount and class of the claims of all parties and directed a sale, it was final as to amount and class, where not appealed from, though it reserved the power in the court or judge "to modify the time, terms, and conditions of the sale in term time or vacation, and to alter or amend the same as the court may deem best."

**2.—Same—Motion for New Trial—Plea of Intervention.**

Where in an action to foreclose liens on defendant's property, certain lienors filed a motion or petition in intervention seeking to "construe or reform" the decree, which fixed the amount and class of the liens and directed a sale, such pleading came too late as a motion for new trial where not filed at the term of court at which the judgment was rendered thus sought to be set aside.

**3.—Same.**

Where such motion and petition in intervention failed to show any reasonable excuse for the failure of the parties so pleading to appeal from the judgment of foreclosure, they were insufficient as an equitable suit to set aside the judgment.

Appeal from the District Court of Brazoria County. Tried below before Hon. Wells Thompson.

Vol. 30 Civil—18.

.   *A. E. Masterson* and *John E. Linn,* for appellants.

*Frank Andrews,* for appellee.

PLEASANTS, Associate Justice.—Appellee brought this suit against the Velasco Terminal Railroad Company for himself and others to recover upon claims due by the defendant and to foreclose liens upon its property given to secure said claims. In accordance with the prayer of plaintiff's petition the court appointed a receiver who took charge of the property of the defendant and administered same under the direction of the court. On the 23d day of July, 1900, a decree was rendered in this suit fixing the amount and status of the claims of all parties and directing a sale of the property. The appellants who hold claims for services rendered the receiver in the management of the property were parties to this decree, and their claims with a number of others were by the decree placed in class A and given a first lien upon the proceeds of said sale. The court fixed the upset price at which the property should be sold at $50,000, which amount was in excess of the total of all the claims enumerated in class A. This decree is in the usual form of final decree of foreclosure in cases of this character, and contains the following:

"The said sale shall be at public auction to the highest and best bidder for cash at the courthouse door at the courthouse of Brazoria County, in Angleton, Texas, said Brazoria County being the county in which the real estate and other property of said railway company is situated. Said sale shall be made between the hours of 10 o'clock a. m. and 4 o'clock p. m. on the first Tuesday in the month of September, A. D. 1900, it being the fourth day of such month, or on the day to which said master commissioner may adjourn the sale, or on such day as may be hereafter fixed by further order of the court, or by the judge of this court, the right and power being herein and hereby expressly reserved to this court, or the judge thereof, either in term time or vacation, to enter any order deemed necessary by this court to postpone said sale to any future day, and to modify the time, terms, and condition of said sale, and change the same and alter or amend the same in any manner as this court or the judge thereof in term time or in vacation may deem to the best interest of all concerned, and said master commissioner making such sale may personally, or by some person designated by him to act in his name and by his authority, adjourn said sale from day to day or week to week, or month to month, or otherwise, without further advertisement, when authorized in writing so to do by the judge of this court."

"It is further ordered, adjudged, and decreed that any party to this cause, and also any intervening petitioner who has duly filed or who may duly file his petition herein, and also the receiver, may at any time apply to this court for further relief at the foot of this decree, as well as for such modification thereof in respect to the terms and condition of the said sale, or as to the reserve questions pertaining to the distribution of

the proceeds thereof, or in respect to any remedial matter which may effect the rights of any of the parties to this cause, or in respect to any reserve matter as may be just and proper."

Appellants did not except to this decree and no appeal was taken therefrom by them. On the 15th day of February, 1901, H. Masterson, an owner of a claim for $2750 which by said decree had been placed in class A with the claims of these appellants, presented a motion to the court asking that the upset price of $50,000 fixed by the decree be removed. On the same day the court granted this motion and entered an order removing the upset price and ordering the property sold for the best price obtainable. No report of this sale appears in the record, but the decree of the court confirming the sale, which was entered on the 20th day of June, 1901, recites that in pursuance of the final decree entered on July 23, 1900, and the order of February 15, 1901, the property was sold on the 7th day of May, 1901, after notice as required by said decree. The amount realized by this sale was $28,500. No objection was made by appellants to the confirmation of the sale and no appeal was taken from the decree of confirmation. On May 18, 1901, appellant R. C. Duff filed a motion "to construe or reform" the decree of July 23, 1900, and the supplemental decree of February 15, 1901." On May 28, 1901, a similar motion was filed by the other appellants. These motions allege that in said decree of July 23, appellants' claims were not given the preference to which they were entitled by law, but that other claims of inferior dignity were placed in class A with appellants and given an equal lien on the proceeds of the sale of the property; that the upset price fixed by said decree at which said property should be sold was in excess of the total amount of all claims placed by said decree in class A, and therefore they did not then except to said decree; that since the rendition of said decree, to wit, on the 15th of February, 1901, the court had, without notice to them, entered an order amending said decree and removing the upset price, and that under this amended decree the property has been sold and the proceeds of such sale are insufficient to pay more than 60 per cent of the claims in class A, wherefore they pray that the decree of July 23d be so modified and altered as to give their claims a preference lien over all other claims in said class A. On the 3d day of September, 1901, all of the appellants except R. C. Duff filed a petition in intervention more fully setting out the facts alleged in their motion of May 18, 1901, and praying for the relief sought in that motion. These motions and the petition in intervention were heard by the court on September 19, 1901, when said motions were overruled and appellants' plea in intervention dismissed. From these orders of the court this appeal is prosecuted.

We think the decree of July 23, 1900, in so far as it fixed the rights of the parties thereto in regard to the amount of their respective claims and the classification of said claims with reference to the order in which they should be paid, was final, and appellants not having appealed from said decree are conclusively bound thereby. The reservations in the de-

cree of authority in the court to change or modify the same applies only to remedial matters affecting the method of its execution and to such matters as are expressly reserved by the terms of the decree.

The trial court certainly did not intend by such reservations to destroy the force and effect of the decree as a final adjudication of the respective rights and interests of the parties, and no such forced construction should be placed upon the recitals authorizing changes and modifications in the decree.

The motions and petition in intervention filed by appellants in the court below were in effect applications for a new trial, and were properly overruled and dismissed. If considered as motions for new trial under the statute the court below was without jurisdiction to entertain them, because they were not filed at the term of court at which the judgment sought to be set aside was rendered; and if regarded as an equitable suit to set aside the judgment they were insufficient in that they failed to show any reasonable excuse for appellants' failure to exercise their right of appeal from said decree. No fraud, accident, or mistake was alleged in the procurement of the decree, and no facts are shown which call for the exercise of the equity powers of the court. Overton v. Blum, 50 Texas, 423; Johnson v. Templeton, 60 Texas, 238; Harris v. Musgrave, 72 Texas, 18; Merrell v. Roberts, 78 Texas, 28; Luther v. Telegraph Co., 60 S. W. Rep., 1026.

The judgment of the court below is affirmed.

*Affirmed.*