## A. E. TINKER v. THE STATE.

### No. 465. Decided February 23, 1910.

**1.—Gaming—Pool Table—Misconduct of Jury—Penalty.**

Where, upon appeal from a conviction of betting at a certain gaming table, bill of exceptions in the record did not disclose that the jurors were questioned before they were accepted, as to whether they had any bias or prejudice or as to whether they had expressed an opinion, an objection to a certain juror because he had expressed an opinion with reference to the guilt or innocence of the defendant, could not be revised; besides it was not improper for the jurors to give reasons from the testimony why a certain penalty should be imposed.

**2.—Same—Charge of Court—Bet or Wager.**

Where, upon trial of unlawfully betting on a pool table, the defendant did not except to the court's charge defining a bet or wager, and said charge was abstractly correct, and no special charge was requested, there was no error.

**3.—Same—Charge of Court—Rule in Misdemeanors.**

In misdemeanor cases it is only where the charge given is erroneous and complained of, that the Court of Criminal Appeals will reverse.

**4.—Same—Charge of Court—Betting.**

Where, upon trial for unlawfully betting on a pool table, the court's charge made defendant's guilt depend on the betting of others at the game, and said charge was excepted to by bill of exceptions and motion for new trial, the same was reversible error.

Appeal from the County Court of Scurry. Tried below before the Hon. C. R. Buchanan.

Appeal from a conviction of unlawfully betting at a pool table; penalty, a fine of $10 and thirteen days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—The appellant was indicted in the court below for unlawfully betting at a certain gaming table, to wit, a pool table.

He was convicted and his punishment assessed at a fine of $10 and thirteen days in the county jail.

The State's witness, in the trial of the case in the court below, testified that he was the constable of Precinct No. 1, Scurry County, Texas; that he saw the appellant and four others playing in a five-handed game of pool; that they played five games; that he saw Oz Smith pay the proprietor of the poolroom fifty cents; that he saw J. L. Beach pay the proprietor fifty cents; that the participants in the game were Tinker, Smith, Beach, Baugh and Dawson; that Smith lost two games, Beach lost two games and Tinker lost one game. The witness testified that he did not see Tinker pay the proprietor any money, but Tinker simply remarked, "This one is on me." That the games were played in the Davis pool-hall; that each of the other parties when they paid fifty cents remarked that he was paying for two games; that five cents a cue was charged for each game, making a five-handed game cost twenty-five cents; that Baugh and Dawson each remarked that they did not owe anything when settling for the five games was taking place. This witness further testified on cross-examination that the whole amount that was due on said five games of five cues in each game was $1.25, and Smith and Beach each paid fifty cents and that the appellant simply remarked that one of the games was on him, but that he never saw appellant at that time or any other time pay any money. The appellant testified that he frequently played pool in the Davis pool-hall, and that he had never paid the proprietor of the pool-hall for playing and that the said Davis had never charged him anything for playing; that appellant having been in the pool-hall business himself, it was simply a courtesy extended to him by the said Davis and that he never paid whether he won or lost; that he played as what is called "an odd man," and that the pool-hall owner never gets anything whether he wins or loses; that he never had any understanding with the players that the loser must pay the fees of the table; that so far as he knew each payed for his own cue and that he had never paid any money for playing. He says he does not recall whether he played in that particular game or not. He says he frequented the hall and further, "Yes, you might call me a sort of a booster for the pool-hall; I play there a great deal."

Appellant in his motion for a new trial complained that the court erred in not granting him a new trial because of the misconduct of the jury in that he had not received a fair trial, because one of the jurors who tried the cause was not a fair and impartial juror, in that E. A. McMath a day prior to his selection as a juror, in discussing the pool-hall cases stated that the witness Chapman was acting right as an officer in obtaining evidence against the players of the pool-hall in the manner he did, and he was with him and that this was the only way to catch them and break up this pool-hall business; and that the said juror McMath, while they were deliberating upon the verdict, advocated the giving of a jail sentence and stated that this pool-hall

business ought to be broken up, and that a fine alone would not do it, and that the said defendant was one of the ring leaders in the pool-hall business. On the trial of this issue in the court below Mc-Math testified that he did state in the jury room that the defendant was one of the main players at the pool-hall and that it ought to be broken up and that a fine would not do it. This witness says he does not recall that he stated that the defendant was a ring leader or the main one in that business, but he did say that he was one of the main players. McMath further testified that he did state to Mr. Bradbury a day or two before the trial that the witness Chapman was doing right in trying to catch up with these parties and that he was with him. This juror was a talesman that was picked up on the trial of the case. The bill of exceptions does not disclose that the jurors were questioned before they were accepted as to whether they had any bias or prejudice or not in the case and there is nothing to show that the appellant used any effort, before accepting the juror, to determine whether he had a bias in favor of or prejudice against defendant, or as to whether he had expressed an opinion or not. In the absence of any showing on the part of appellant that he availed himself of the statutory regulations for qualified jurors, we can not consider the question as to whether the juror had formed an opinion or not. We think that the conduct of the juror when they were deliberating upon the verdict is not subject to the criticism made. We think it is not improper for the jurors to give reasons which are disclosed by the testimony why certain penalty should be imposed. The appellant had testified on the trial that he frequented this pool-room; that he played there a great deal and that he might be regarded as a "booster for the house." These things the jury had a right to consider in determining the penalty. We, therefore, hold that bill of exceptions No. 1 is without merit.

2. Bill of exceptions No. 3 complains of the charge of the court in that the court charged the jury as to how a bet or wager could be made, the objection to this charge being that while it states, in the abstract, the law correctly, that the same is not applicable to a case like this and that the court should have gone further and have defined as to what the law would be if the loser paid the fees of the table. Appellant, if he was not satisfied by the charge given by the court, should have requested additional instructions, it being conceded in this case that as far as the court's charge went it stated the law correctly. Then if counsel for appellant desired an application of the law to the particular facts of this case they should have asked a special instruction. This being a misdemeanor case, this court will not reverse for omissions in a charge though complained of in a motion for new trial unless specially excepted to and charges asked. It is only, in misdemeanor cases, where the charge given is erroneous and complained of, that this court will reverse.

3. The charge of the court complained of in bill of exceptions

No. 4 is as follows: "If you believe from the evidence submitted to you in this case that at the time and place, as alleged in the indictment, the defendant did play in certain games at a pool table . . . and that other persons who played in the games . . . paid certain pool table fees, because the payer of such fees lost a part or all of such games, you will find the defendant guilty and assess his punishment in accordance with the law hereinbefore given you. . . ." We think that this charge was error; it makes the appellant guilty or liable to a penalty if he played in a game where others bet. He was indicted in this case for betting at a certain game. If he did not bet at this pool table he would not be guilty. The bill of indictment alleged that he did then and there bet and wager at a certain game. That others bet and wagered in a game in which he played or that others paid the fees of all those who were losers would not make the appellant guilty. This charge was erroneous and was calculated to and did injure the appellant and should not have been given. The complaint being made both by bill of exceptions and motion for new trial the same is properly presented to this court for revision and for the error of the court in giving said charge the judgment is reversed and the cause is remanded.

*Reversed and remanded.*