BEENE v. NATIONAL LIQUOR CO. et al. (No. 5785.)

(Court of Civil Appeals of Texas. Austin. Oct. 11, 1916.)

APPEAL AND ERROR ☞101(1)—DECISIONS REVIEWABLE—FINALITY OF DETERMINATION.

A judgment for certain plaintiffs for specific amounts, declaring alleged liens void, and by agreement of the parties appointing a receiver to take possession of defendant's property, and keep it, subject to the order of the court, until sold under execution or by the receiver, was a final and appealable judgment determining all the rights of the parties; the payment of the proceeds into court and distribution of same in accordance with the judgment being a ministerial and not a judicial matter.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 681–685; Dec. Dig. ☞101(1).]

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Suit by the National Liquor Company and others against Anderson & Baggett. From a judgment for plaintiffs for specific amounts, but declaring certain alleged liens void, W. P. Beene appeals. Motion to dismiss the appeal overruled.

Boggess & Naman and Nathan Patten, all of Waco, for the motion.

JENKINS, J. This suit involved the issues as to the indebtedness of Anderson & Baggett to the other parties to this suit, and the validity of certain alleged liens in favor of some of said parties. Upon the trial of the case upon its merits, the court declared the alleged liens to be void, entered judgment in favor of said parties for specific amounts, for which they may have execution, and by agreement of all parties, appointed a receiver to take charge of certain property of Anderson & Baggett, now in possession of one of the parties to the suit, "and hold the same subject to further orders of this court."

Appellant, who is claiming a mortgage lien on said property, has appealed from the judgment of the court. Appellees move to dismiss the appeal upon the ground that the judgment is not final.

It seems that the purpose of appointing a receiver was that he might take possession of and preserve the goods until the same could be sold under execution, or by said receiver, in which event it follows from the judgment entered, unless the same be set aside, the proceeds would be paid into the registry of the court and distributed in accordance with said judgment.

We think this is a final judgment. All of the rights of the parties were determined, and what remains to be done is ministerial and not judicial in its character. Merle v. Andrews, 4 Tex. 208–211; Cannon v. Hemphill, 7 Tex. 184; Shannon v. Taylor, 16 Tex. 418; Patrick v. Gibbs, 17 Tex. 279; Redus v. Burnett, 59 Tex. 578–581; White v. Mitchell, 60 Tex. 165; Hartzell v. Jones, 2 Posey, Unrep. Cas. 563; McFarland v. Hall, 17 Tex. 690.

Motion overruled.