**WARE v. JONES et al.   (No. 10517.)***

(Court of Civil Appeals of Texas. Fort Worth. Feb. 3, 1923.)

1. **Appeal and error** ⬅76(1)—**Finality of judgment depends on whether issues were finally determined.**

The finality of a judgment for purpose of appeal depends on whether the issues were finally determined.

2. **Appeal and error** ⬅80(3)—**Judgment directing application of proceeds of foreclosure sale to satisfaction of intervener's debt, and that balance be held subject to court's orders, held final; "final judgment."**

A judgment foreclosing a mortgage and superior liens of an intervener, directing that the proceeds of the sale be applied first to the satisfaction of intervener's debt, and that the bal-

ance "be held subject to the further orders of this court," and refusing to allow damages in defendants' cross-action for conversion of other tracts of land, and to decree title thereto in them, *held* a "final judgment" within Vernon's Sayles' Ann. Civ. St. 1914, art. 1997, and hence appealable; plaintiff only being entitled to such excess of the proceeds.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

3. Execution ⟨⟩171(3)—Court of Civil Appeals and Supreme Court cannot be challenged for want of jurisdiction by suit to restrain sale of property under execution thereon.

A judgment on the merits by the Court of Civil Appeals, affirmed by the Supreme Court, cannot be challenged by a suit to restrain a sale of property under an execution issued thereon for want of jurisdiction on the ground that the judgment appealed from was not final.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by G. W. Ware against J. R. Jones and others, to restrain the sale of property belonging to plaintiff under an execution on a judgment of the Court of Civil Appeals, affirmed by the Supreme Court. From an order refusing a temporary writ of injunction, plaintiff appeals. Affirmed.

Ocie Speer and Wm. F. Young, both of Fort Worth, for appellant.

McCart, Curtis & McCart and John L. Poulter, all of Fort Worth, for appellees.

DUNKLIN, J. G. W. Ware has appealed from an order of the judge of the district court declining him a temporary writ of injunction which was sought to restrain the sale of property belonging to him under an execution which had been executed on a judgment of the Court of Civil Appeals, reported in 233 S. W. 355, which judgment was affirmed by the Supreme Court, as reported in 242 S. W. 1022, the style of the case in those courts being Ware v. Jones. Those two judgments were rendered upon appeal from the district court, in which the suit for injunction was instituted, and the basis for the injunctive relief sought consisted in the contention presented by appropriate allegations that the judgment from which that appeal was prosecuted was not a final judgment, and that therefore the judgments of the two appellate courts were void for lack of jurisdiction in those courts to render them.

That suit was instituted by G. W. Ware, appellant here, against J. R. Jones and wife, to recover title to a lot or parcel of land situated in the city of Fort Worth, and plaintiff claimed title under a deed of conveyance to him executed by defendants Jones and wife. By alternative plea plaintiff asked for a foreclosure of a vendor's lien on the property to secure the payment of a promissory note for the sum of $2,820.

One defense urged by Jones and wife was that they were husband and wife, and that the city property sought to be recovered by plaintiff was their homestead at the time the deed relied on by plaintiff was executed. They further alleged that, when the said deed of conveyance was executed, defendants also conveyed to plaintiff three other tracts of land situated in Tarrant county, aggregating 235 acres, upon plaintiff's agreement to pay off certain incumbrances outstanding against them, and hold the land in trust for defendants' benefit, with privilege of redeeming the same by paying to plaintiff the amount expended in the discharge of its incumbrance; that plaintiff thereafter refused to comply with said agreement, and sold two of the tracts to other persons. Defendants also alleged that the deed to the city property was understood by and between the parties thereto not to be a deed of conveyance, but merely a mortgage to secure plaintiff in the amount he might pay to discharge a lien outstanding against that property, and which plaintiff agreed to discharge.

One of the three tracts of land situated in the county, and which appears not to have been sold by plaintiff, Ware, consisted of 39.8 acres. On that tract William Capps held a lien, and he intervened in the suit and sought a foreclosure of that lien, and also a lien on the city property, which were alleged to be superior to any liens or claims thereon by the plaintiff or the defendants.

Upon the trial of that case the defendants Jones and wife were awarded title to the city property on their plea of homestead, but a foreclosure was decreed in favor of plaintiff, and also the intervener, of their respective liens against the city property, and also the 39.8 acres tract as against the defendants; the intervener's lien being declared superior to plaintiff's lien. The decree of foreclosure in favor of intervener, Capps, directed that the proceeds of the sale of both the 39.8-acre tract and the city property should be applied first to the satisfaction of the intervener's debt, the amount of which was stated in the judgment, and that the balance, if any, should "be held subject to the further orders of this court."

The trial of that case was before a jury who by their verdict found in favor of the defendants on their cross-action damages in the sum of $6,570.26, but the trial court refused to enter judgment in defendants' favor for the damages so found. Upon appeal, the Court of Civil Appeals reversed the judgment of the trial court in so far as it had refused to allow the defendants a recovery for the damages awarded by the jury on their cross-action, and rendered judgment in defendants' favor for such dam-

ages. But the judgment in all other respects was affirmed by the Court of Civil Appeals, and also by the Supreme Court on writ of error. The injunction sought in this suit was upon the theory that the judgment rendered by the trial court was not a final judgment, and therefore neither the Court of Civil Appeals nor the Supreme Court acquired jurisdiction of the appeal therefrom, principally because of the provision in the judgment that any excess remaining from the proceeds of the sales of the two pieces of property under foreclosure decreed to intervener, Capps, should be held subject to the further orders of the trial court.

The agreed statement of facts presented upon this appeal contains the following:

. "It is also agreed without the necessity of introducing in evidence herein the pleadings in said original suit that all the matters and things adjudicated by the judgment above set forth were made issues by the pleadings, and that the property and the parties referred to in the said judgment were parties and issues in the said litigation made by the said pleadings. Except, the pleadings of the parties did not raise any issue as to the ownership of any balance of the proceeds of the foreclosure sales of land after satisfying the debts for which such foreclosures were ordered, unless such issue was necessarily made by the pleadings which did raise the issues of title to such lands in defendants Jones and wife, and liens with right in the intervener and plaintiff, Ware, of foreclosure against such lands."

The foregoing statement of what the pleadings were in the original suit has been made by us from a reading of the judgment of the trial court and also of the Court of Civil Appeals, referred to above.

Article 1997, V. S. Tex. Civ. Statutes, reads as follows:

"Only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law."

The present suit is not within any of such exceptions.

In Hanks v. Thompson, 5 Tex. 8, the following is said:

"A final judgment must mean then, the awarding the judicial consequences which the law attaches to the facts, and determines the subject-matter of controversy between the parties."

In Warren v. Shuman, 5 Tex. 441, it is held:

"A judgment is final only when the whole of the matter in controversy is disposed of."

In T. & P. Ry. Co. v. Fort Worth Street Ry. Co., 75 Tex. 82, 12 S. W. 977, our Supreme Court said:

"Until there is a judgment which leaves nothing further to be litigated about in the case, unless it be something which relates to the execution of the judgment, there is no final judgment."

[1] Many other authorities might be cited to the same effect. But it will be observed that, according to a definition so given, the finality of the judgment depends upon whether or not the issues in controversy between the parties were finally determined.

[2] The action of the defendants in seeking to recover damages upon the theory of a conversion of the three tracts of land situated in the county in effect conceded title in the plaintiff to those tracts, and the refusal of the court to allow damages upon their cross-action for such conversion was in effect an adjudication that they were not entitled thereto. And the refusal of the court to decree title to the defendants in the other three tracts was, in effect, a judgment that they were not entitled to that relief. And under the judgment rendered it would follow that the plaintiff, Ware, and no one else, would be entitled to any excess remaining of the proceeds of the sale of the property after satisfaction of the intervener's personal judgment recovered against the defendants. We are therefore of the opinion that it cannot be said that the judgment was not a final judgment. Davies v. Thompson, 92 Tex. 391, 49 S. W. 215; Graham v. Coolidge, 30 Tex. Civ. App. 273, 70 S. W. 231; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Merle v. Andrews, 4 Tex. 200; Whitmire v. Powell, 103 Tex. 232, 125 S. W. 890.

[3] We are of the opinion that the judgment of the Court of Civil Appeals and of the Supreme Court in the former suit cannot be challenged by this proceeding upon the theory that those courts did not have jurisdiction to render the same. The case of Washington Bridge Co. v. Stewart by the Supreme Court of the United States, reported in 3 How. 413, 11 L. Ed. 658, was a second appeal from a judgment rendered after the cause had been remanded by the Supreme Court on a former appeal, and in that case the following was said:

"We are now asked by the counsel for the appellants to permit him to re-examine the decree of the Circuit Court, upon its merits, affirmed as it was by the Supreme Court, upon the ground that the affirmance was made when this court had no jurisdiction of the case; the first appeal having been taken upon what has since been discovered to have been an interlocutory and not a final decree. The Supreme Court certainly has only appellate jurisdiction, where the judgment or decree of the inferior court is final. But it does not follow, when it renders a decree, upon an interlocutory and not a final decree, that it can, or ought, on an appeal from a decree in the same cause, which is final, examine into its jurisdiction upon the former occasion. The cause is not brought here in such a case for any such purpose. It was an exception, of which advantage might have been taken by motion on the first appeal. The appeal would then have been dismissed for the want of jurisdiction, and the cause would have been sent back to the Circuit Court for further proceedings. But the exception not having

been then made of the alleged want of jurisdiction, the cause was argued upon its merits, and the decree appealed from was affirmed by this court. * * * Having passed upon the merits of the decree, this court has now nothing before it but the proceedings subsequent to its mandate. So this court said in Himely v. Rose, 5 Cranch, 314, 3 L. Ed. 111, and in the case of The Santa Maria, 10 Wheat. 431, 6 L. Ed. 359. Its decree became a matter of record in the highest court in which the cause could be finally tried. To permit afterwards, upon an appeal from proceedings upon its mandate, a suggestion of the want of jurisdiction in this court, upon the first appeal, as a sufficient cause for re-examining the judgment then given, would certainly be a novelty in the practice of the court of equity. The want of jurisdiction is a matter of abatement, and that is not capable of being shown for error to indorse a decree upon a bill of review."

To the same effect are the following decisions: Whyte v. Gibbs, 20 How. 542, 15 L. Ed. 1016; Williams v. Bruffy, 102 U. S. 255, 26 L. Ed. 137; Gaines v. Rugg, 148 U. S. 241, 13 Sup. Ct. 611, 37 L. Ed. 436; U. S. v. Peralta, 27 Fed. Cas. 497. See, also, Lowell v. Ball Houtchings & Co., 58 Tex. 562.

The judgment of the trial court is affirmed.