### WARE v. JONES et al. (No. 413–3938.)

(Commission of Appeals of Texas, Section A. April 18, 1923.)

**1. Appeal and error ⬤⟶76(1), 80(3)—"Final judgment" defined.**

A "final judgment" is one which awards the judicial consequences which the law attaches to the facts and determines the controversies between the parties over the subject-matter, and if judgment terminates the litigation of the parties on the merits so that nothing remains to be done but to execute it according to its terms, although further proceedings may be required to carry the judgment into full effect, it is "final."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**2. Appeal and error ⬤⟶76(1)—In determining finality of judgment, Commission of Appeals may consider entire record and its construction by parties.**

In determining the character of a judgment rendered by a district court as to whether final or not, the Commission of Appeals is authorized to consider it in the light of the entire record and of the construction given it by the parties in presenting it to the appellate court for revision.

**3. Appeal and error ⬤⟶80(5)—Judgment in suit to foreclose liens held final.**

In a suit for possession of land claimed by defendant as a homestead, or in the alternative for the amount of the vendor's lien note with interest, attorney's fees, and payments for taxes, and for a foreclosure of the lien wherein another creditor intervened claiming that his debt was prior, a judgment establishing the intervener's debt and foreclosing the lien securing it and ordering a sale on such lien, and also establishing plaintiff's debts and foreclosing the lien to secure them, and granting defendants their recovery of title to the homestead subject to the liens and providing that defendants take nothing further against plaintiff, *held* to determine all the rights of the parties, though it also provided that surplus proceeds of the sale should be subject to the further orders of the court.

**4. Judgment ⬤⟶533—A judgment that cross-complainants take nothing not limited by further provision that they take nothing by plea for reconvention of damages.**

A judgment that cross-complainants take nothing by their cross-action *held* not limited by a further provision in the disjunctive that they take nothing for reconvention for damages.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by G. W. Ware against J. R. Jones and others for an injunction, wherein William Capps intervened. Judgment for defendants was affirmed by the Court of Civil

Appeals (248 S. W. 429), and plaintiff brings error. Affirmed.

W. F. Young and Ocie Speer, both of Fort Worth, for plaintiff in error.

Jno. L. Poulter, of Fort Worth, for defendants in error.

GALLAGHER, P. J. Plaintiff in error, G. W. Ware, brought this suit in the district court of Tarrant county to enjoin defendants in error, J. R. Jones and wife, Minnie Jones, William Capps, and Carl Smith from enforcing by execution a certain judgment rendered by the Court of Civil Appeals for the Fourth Supreme Judicial District at San Antonio, and certified to the district court of Tarrant county for enforcement. Carl Smith is the sheriff of Tarrant county, and Jones and wife and Capps are plaintiffs in execution issued on said judgment and levied by said sheriff on property belonging to Ware.

The suit in which said judgment was rendered by said Court of Civil Appeals will be designated as the original suit. It was instituted in the district court of Tarrant county by said Ware against said Jones and wife to recover possession of a tract of land occupied by them as a homestead and designated herein as the homestead tract, or, in the alternative, for judgment for the amount of a vendor's lien note in the principal sum of $2,820, together with interest and attorney's fees and for the further sum of $1,214.92 taxes paid on said homestead tract by said Ware and for foreclosure of lien thereon to secure both said sums. Ware claimed title under a deed to said property executed and delivered to him by Jones and wife and under a sale by a trustee in a deed of trust on said property given by Jones and wife to secure said note.

Jones and wife answered that at the time of the execution and delivery of said deed they owned the said homestead tract of land and three other tracts, one designated as the 125-acre tract, one as the 65-acre tract, and one as the 39.8 or 40 acre tract; that they then owed Ware $1,957.88 and also owed the vendor's lien note aforesaid, and various other debts, which debts were secured by liens on the said three pieces of property; that Ware agreed to advance the money to discharge all of said indebtedness or to buy in said property when sold to satisfy such indebtedness and to hold the same in trust for them subject to repayment of the said indebtedness to him, and such other sums as he should advance in pursuance of said agreement; that the property sued for was their homestead; and that the deed thereto to Ware was executed and delivered in pursuance of said agreement, and intended as a mortgage, and therefore void and ineffective to pass any title to said property to said Ware or to create any lien thereon in his favor; that in pursuance of said agreement

they also executed and delivered to Ware a deed of trust on the three other tracts of land aforesaid; that Ware failed to comply with his engagements; that he bought two of said tracts of land for himself and permitted title to the other tract to vest in another person; that said three tracts of land were worth in the aggregate $23,000. They prayed that plaintiff take nothing by his suit and that they have judgment on their cross-action for title and possession of all the lands mentioned therein, or in the alternative if for any reason they could not recover said lands that they recover the value thereof, less their indebtedness to him.

William Capps intervened and asked for judgment on a note for $1,191.65, with interest and attorney's fees thereon, and for foreclosure of lien on said homestead tract, and on the 40-acre tract referred to in the pleadings of Jones and wife. He also pleaded that his debt was one of the debts which Ware had agreed with Jones and wife to discharge, and adopted the allegations made against Ware by Jones and wife in their pleadings.

The case was submitted on special issues, and the jury returned a verdict sustaining the contentions of Jones and wife.

The court rendered judgment against Jones in favor of Capps for his debt in the sum of $1,249.50, and foreclosed the lien to secure the same against Jones and wife, and against Ware on the homestead tract, and on the said 40-acre tract, and in separate paragraphs of said judgment directed that each of said tracts be sold and the proceeds applied, first, to the satisfaction of the judgment recovered by Capps, and that the remainder of such proceeds, if any, be held subject to the further orders of the court.

The court also rendered judgment against Jones and wife for the sum of $6,065.32, the amount of the vendor's lien note aforesaid, and for the further sum of $1,214.92 taxes paid by Ware on said homestead tract, and foreclosed the lien thereon, but provided that such lien should be secondary and inferior to the lien securing the judgment recovered by Capps.

The court also rendered judgment in favor of Jones and wife for the title to the home tract subject, first, to the debt and lien of Capps, and second, to the debt and lien of Ware, as aforesaid, and ordered further that Jones and wife take nothing against Ware and that as to said demand Ware go hence without day.

Ware appealed from said judgment; Jones and wife also appealed therefrom. The case was transferred from the Court of Civil Appeals at Fort Worth to the Court of Civil Appeals at San Antonio. That court, on hearing the appeal, reversed the judgment of the district court and rendered judgment in favor of Capps against Ware for $1,249.50, and in favor of Jones and wife against Ware

for $6,570.26. That court also rendered judgment against Ware and Capps in favor of Jones and wife for the title and possession of the homestead tract and that Ware take nothing in such suit. Ware v. Jones, 233 S. W. 355. The said judgment of the Court of Civil Appeals was affirmed by the Supreme Court upon the recommendation of this court. Ware v. Jones, 242 S. W. 1022. Mandate was issued on said judgment and returned to the district court of Tarrant county. Thereafter, Jones and wife and Capps caused executions to issue on the judgment so rendered in their favor by said Court of Civil Appeals and certified to said district court for enforcement and placed the same in the hands of said sheriff of Tarrant county, who levied the same upon property of said Ware and advertised such property for sale on the first Tuesday in February, 1923.

On January 13, 1923, said Ware instituted this suit and applied herein for a temporary injunction to restrain defendants in error from enforcing said judgment and from selling the property so levied upon and advertised for sale. The court refused the temporary injunction so applied for, and Ware perfected an appeal to the Court of Civil Appeals at Fort Worth. That court, on February 3, 1923, affirmed the order of the trial court refusing such injunction. 248 S. W. 429.

Plaintiff in error, on February 5, 1923, filed in the Supreme Court an application for writ of error in this case and an application for an order restraining defendants in error herein from taking any further steps toward enforcing the judgment in the original case. He also, at the same time, filed in the Supreme Court in said original case a motion to recall the mandate theretofore issued therein, to set aside the judgment of affirmance theretofore rendered, and to reverse and dismiss all appellate proceedings in said original case. The Supreme Court granted the order restraining defendants in error from taking any steps toward enforcing said judgment until otherwise ordered. That court also granted the application for writ of error in this case and referred the same, together with said motion in the original case to this court and instructed us to consider the same together. The record in the original case is therefore before us for consideration in connection with the record in this case, and we have considered both records in reaching the conclusions upon which our recommendations herein are based.

There is no contention that the judgment entered by the Court of Civil Appeals at San Antonio is not final. The sole contention made in said motion and in said application is that the judgment rendered in the district court of Tarrant county in the original case was not a final judgment, and that it was therefore insufficient to support appellate proceedings of any kind, and that

the Court of Civil Appeals acquired no jurisdiction of the case by the attempted appeals therefrom.

[1] A "final judgment" is one which awards the judicial consequences which the law attaches to the facts and determines the controversies between the parties over the subject-matter. It terminates the litigation of the parties on the merits of the case so that nothing remains to be done but to execute it according to its terms. Hanks v. Thompson, 5 Tex. 6, 8; West v. Bagby, 12 Tex. 34, 62 Am. Dec. 512; Grant v. Insurance Co., 106 U. S. 429, 430, 431, 1 Sup. Ct. 414, 27 L. Ed. 237; 3 C. J. 441.

However, if the rights controverted by the parties be settled by the judgment, it will be held final, although further proceedings should be required to carry the judgment into full effect. Such proceedings may be expressly provided for in the face of the judgment without affecting its finality, provided they are merely incidental to its proper execution. Cannon v. Hemphill, 7 Tex. 184, 194; Merle v. Andrews, 4 Tex. 200, 207–211; Redus v. Burnett, 59 Tex. 576, 577, 578, 581; McFarland v. Hall, 17 Tex. 676, 690, 692; Shannon v. Taylor, 16 Tex. 413, 419; Harmon v. Bynum, 40 Tex. 324, 331, 332; White v. Mitchell, 60 Tex. 164; Beene v. National Liquor Co. (Tex. Civ. App.) 189 S. W. 86; Zappettini v. Buckles, 167 Cal. 27, 138 Pac. 696, 698.

[2] In determining the character of the judgment rendered by the district court of Tarrant county in the original case, we are authorized to consider it in the light of the entire record therein and in the light of the construction given it by the parties in presenting it to the appellate court for revision. 23 Cyc. 1101–1105. The transcript shows that after the verdict of the jury was returned, Capps, the intervener in the case, filed a proposed judgment with a motion that it be entered as the judgment of the court. This proposed judgment merely established his debt, foreclosed a lien to secure the same on the homestead tract and the 40-acre tract, and in separate paragraphs ordered each of said tracts sold and the proceeds of such sale applied, first, to the satisfaction of his judgment, and the balance, if any, held subject to the further orders of the court. This proposed judgment made no disposition of the issues between Ware and Jones and wife and did not attempt to adjudicate their respective rights as between themselves. Subsequently, Ware filed a proposed judgment with a motion that it be entered as the judgment of the court. This proposed judgment ignored the rights and recoveries of Capps. It established Ware's debt against the homestead tract for the amount of the vendor's lien note thereon and the amount of the taxes paid by him, foreclosed a lien to secure the same, and ordered said property sold to satisfy said judgment. It made no disposi-

tion of any surplus that might remain after paying said debts. The transcript shows that the court adopted and entered the judgment in favor of Capps substantially as proposed by him, and adopted and entered the judgment proposed by Ware so far as the same provided for establishing his debts and foreclosing a lien to secure the same and ordering the property sold in satisfaction thereof, save that his lien and right to satisfaction out of the proceeds of sale were made inferior and secondary to the rights of Capps. The court, however, in that case, entered the following judgment disposing of the cross-action of Jones and wife:

"It is further ordered, adjudged, and decreed by the court, that the defendants, J. R. Jones and wife, Minnie M. Jones, recover the title to the said lot No. 8 in block No. 1 and 50x100 feet off of the north end of lot No. 9, in block No. 1, of Kennedy's addition to the city of Fort Worth, subject first to the lien and debt of the intervener, Capps, and second subject to the lien and debt of the plaintiff, G. W. Ware, and further that defendants J. R. Jones and Minnie Jones take nothing against plaintiff, and that as to said demand the plaintiff go hence without day."

Plaintiff in error contends that the right of Jones and wife to recover the 40-acre tract is not adjudicated by said judgment, and that the provision of the judgment that any surplus proceeds of the sale of the 40-acre tract, after satisfying Capps' recovery, should be held subject to the further orders of the court, left uncertain and subject to further judicial determination whether Ware or Jones and wife were to receive such surplus proceeds.

[3] We think the judgment so entered determined the rights of all the parties in the entire subject-matter involved in the suit. It established Capps' debt and foreclosed a lien to secure the same and ordered a sale of the property upon which such lien was foreclosed. It established Ware's debts, foreclosed a lien to secure the same, and ordered the sale of the property on which the same were foreclosed. The apparent title to all the real estate referred to by Jones and wife in their cross-action was admitted by the terms thereof to be in Ware. The judgment granted them a recovery of the title to the homestead tract subject to the liens foreclosed thereon, and provided that they take nothing further against Ware. Said judgment having determined the rights of the parties in and to the property to be sold also determined their rights and priorities in the proceeds arising from the sale thereof. Any balance of the proceeds of the sale of the home place after satisfying Capps' debt would, as a matter of law, be applied first to the satisfaction of Ware's recovery and the remainder revert to Jones and wife as the owners of the property. Any balance of the proceeds of the sale of the 40-acre tract

remaining after satisfying Capps' debt would, as a 'matter of law, revert to Ware because Jones and wife were denied by the terms of said judgment any relief of any kind against Ware except the recovery of the title to their said home place. It is readily seen that Capps had no interest in the disposition of the proceeds of sale of either tract after his recovery was satisfied. He drew his proposed judgment accordingly, and although it was adopted by the court and incorporated in the judgment rendered, when such judgment is considered as a whole it does not leave the rights to such proceeds undetermined. The judgment proposed by Capps which was adopted by the court and incorporated in the judgment rendered constitutes the opening paragraphs thereof. While these paragraphs leave the disposition of the surplus proceeds arising from the sale of the respective properties therein described uncertain and subject to future determination, the subsequent paragraphs of the judgment do in legal effect determine and adjudicate such disposition. Such subsequent paragraphs of the judgment rendered are "further orders of the court" within the meaning of the opening paragraphs thereof. Under the judgment entered, considered as a whole, the court could not at a subsequent time properly make any order disposing of such surplus proceeds contrary to the rights of the parties in said properties as determined thereby. The parties themselves all construed it to be a final judgment and treated it as such both in the Court of Civil Appeals and in the Supreme Court. Ware, himself, carried it to the Court of Civil Appeals for revision.

We think that said judgment was final and sufficient to support appellate proceedings. The Court of Civil Appeals having acquired jurisdiction of the case by said appeal had jurisdiction to render the judgment it did render and which Capps and Jones and wife now seek to enforce and the finality of which is not questioned.

Since we are disposing of the motion in the original case as well as the writ of error in this case, we have quoted the judgment of the trial court as shown by the transcript in said original case. Having submitted that case to the Court of Civil Appeals on said transcript, the parties are bound thereby. Railway v. Parker, 104 Tex. 162, 165, 135 S. W. 369. We have, however, not overlooked the fact that said judgment in the original case as shown by the transcript therein differs slightly from the judgment shown by the record in this case. The only difference, however, is in the paragraph disposing of the cross-action of Jones and wife. Said paragraph, as shown by the record in this case, is as follows:

"It is further ordered, adjudged, and decreed by the court that the defendants J. R. Jones and wife, Minnie Jones, recover the title to said lot No. 8, in block No. 1, and 50x100 feet off of the north end of lot 9 in block No. 1, of Kennedy's addition to the city of Fort Worth, Tex., subject first to the lien and debt of the intervener, Capps, and second subject to the lien and debt of G. W. Ware, and further that defendants J. R. Jones and wife, Minnie Jones, take nothing against the plaintiff by reason of their cross-action or plea in reconvention for damages against the plaintiff and that as to said demands the plaintiff go hence without day."

[4] Regardless of the effect on plaintiff in error of his having submitted the original case to the Court of Civil Appeals on said original transcript, we do not think the change in the language of said judgment shown by the record in this case justifies a different construction of the same on the issue under consideration. Said judgment as here shown specifically provides that defendants take nothing against Ware by their cross-action or their plea in reconvention for damages. The term "cross-action" is sufficiently broad to cover any kind of demand on their part for affirmative relief against Ware. It is sufficient to include their demand for recovery of the land as well as their demand for damages for conversion thereof. De La Vega v. League, 64 Tex. 205, 215; Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056. We do not think that the force and effect of the judgment that Jones and wife take nothing by their cross-action was in any way restricted or limited by the further provision in the disjunctive that they take nothing by their plea in reconvention for damages.

We recommend that plaintiff in error's motion to recall the mandate, set aside the judgments of the Supreme Court and Court of Civil Appeals in the original case, and dismiss the appeal therein, be overruled.

We further recommend that the restraining order heretofore issued by the Supreme Court in this case be dissolved and terminated, and that the judgment of the Court of Civil Appeals in this case affirming the action of the trial court in refusing the temporary injunction applied for herein be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, and the restraining order heretofore granted by this court is vacated.