**B. M. JAMISON et ux., Appellants,**

v.

**CITY OF PEARLAND, Appellee.**

No. 16487.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 6, 1975.

Holder & Germany, C. Wayne Holder, Freeport, for appellants.

Perry Archer, Houston, for appellee.

EVANS, Justice.

The sole question in this matter is whether the trial court's judgment entered August 15, 1974 was final for purposes of appeal. Appellants contend the judgment lacked finality because of a provision contained in the judgment that its execution would be stayed pending determination on appeal of a related cause. If the judgment was final this court does not have jurisdiction because appellants' motion for new trial was not filed and subsequent appellate steps were not taken within the times prescribed by law.

The trial court's judgment awarded the City of Pearland recovery against the Jamisons for certain delinquent ad valorem

taxes, penalty, interest, costs and attorney's fees which it determined to be due and owing by the Jamisons with respect to certain properties. The judgment recited that if the appellate court in a related case reversed and remanded that case and on the basis of reassessment, a lower assessment then resulted for the years involved, the City would refund to the Jamisons that portion of the taxes, penalty and interest for which they would not have been liable had the land been assessed at a lower value than the assessment made the basis of the judgment. The court decreed a lien to exist against the properties for the amount of the recovery and ordered foreclosure and sale, but ordered execution stayed until final decision and issuance of mandate in the related case on appeal.

Subsequently on September 20, 1974 the trial court granted the City's motion to lift the stay of execution, finding that an appeal in the related case had not been perfected. The Jamisons thereafter filed their motion for new trial on September 28, 1974. Notice of appeal and appeal bond were filed by the Jamisons on November 15, 1974. The transcript and statement of facts were submitted to and received by this court on January 3, 1975, but the Clerk of this court did not file the record because of the appellants' failure to timely file their motion for new trial, notice of appeal and appeal bond.

In Hargrove v. Insurance Inv. Corp., 142 Tex. 111, 176 S.W.2d 744 (1944), the plaintiff recovered judgment for an indebtedness due by the defendant in a sum certain and the judgment provided that its enforcement would be deferred until the final disposition of another pending action and that the defendant would be entitled to credit for such amount as it might have to pay upon the final judgment entered in the other suit. The Texas Supreme Court, adopting Commissioner Smedley's opinion, held that the judgment disposed of all matters in controversy between the parties and as final for the purposes of appeal, not-

withstanding its provisions deferring collection or enforcement of the award.

Similarly, in Graham v. Coolidge, 30 Tex.Civ.App. 273, 70 S.W. 231 (1902, no writ), it was held that a judgment which determined the amount and status of the parties' claims, foreclosed the lien securing such claims and directed the sale of property, was a final judgment even though its provision reserved to the court authority to postpone the sale to a future date and to modify the terms and conditions of the sale.

The judgment in the case at bar fully adjudicates and determines the disputed rights between the parties and terminates the litigation on the merits so that nothing remains to be done but to execute it according to its terms. The fact that its enforcement is temporarily suspended pending determination of the related case on appeal and provision made for credit to the defendants upon the conditions stated does not affect its finality. Such provisions are merely incidental to its execution. Hargrove v. Ins. Inv. Corp., supra; Ware v. Jones, 250 S.W. 663 (Tex.Com.App.1923).

". . . if the total controversy is such that it has been properly developed in two or more separate actions, the judgment may be final when, after fixing the rights of the parties, it stipulates that the enforcement of the decree in favor of a party or parties shall be deferred until the final judgment in the other action or actions, and though the scope of the recovery may in some respects be dependent upon the outcome of the related suits." McDonald, Texas Civil Practice, 1971 revised, Vol. 4, § 17.03.3, p. 42.

The record reflects that this court is without jurisdiction and the motion to require the Clerk of this court to accept the filing of the transcript is denied and appellee's motion to dismiss the appeal is granted.